## LUSK and Others *v.* DAVIS.

WATER-CRAFT.—ATTACHMENT.—NEGLIGENCE.—A complaint in attachment under the water-craft act, against a steamboat, for an injury done to a sail boat, alleged that the injury happened by the carelessness, negligence and recklessness of the officers in charge of the steamboat, and without fault or negligence on the part of said sail boat, or of the plaintiff, or of any agent or servant of his.

*Held,* that the averments were sufficient.

APPEAL from the *Vanderburgh* Circuit Court.

RAY, C. J.—This was an action brought by the appellee against the steamboat *Tarascon,* under the water-craft act,

to recover the value of a sail boat destroyed by the steamer. The steamboat was released from attachment upon a bond being given by the appellants. A motion was made to quash the affidavit, on the ground that it did not sufficiently allege that the sail boat was destroyed through the fault or negligence of those in charge of the steamer, and without the fault of the appellee. The averment is in this language: "The said officers and crew of the said steamboat *Tarascon*, who then and there had the management and control thereof, as aforesaid, took so little care of said boat, and were so negligent, careless and reckless in the control and management, of the same, that by and through the said carelessness, negligence and recklessness, and their misdirection of said steamboat, and without fault or negligence on the part of said sail boat *Wanderer*, or said plaintiff, or of any other person having the care or management of said sail boat, the said steamboat *Tarascon* then and there became entangled with, foul of, and struck against the sail boat *Wanderer*, and thereby broke, crushed and destroyed the said sail boat."

The appellants insist that there should have been an averment that the sail boat was in its usual, customary and proper place. They argue that "there may have been no actual negligence at the time of the accident, but that the mere fact of being in an improper place would have been negligence." We think that if, on the trial, it had appeared that the injury resulted from the sail boat being in an improper place, this would have disproved the averment that the injury occurred "by and through the carelessness," &c., of the steamboat, and without fault or negligence on the part of the plaintiff or his agents. The allegations of the complaint very fully presented the question of negligence, and the motion was therefore properly overruled by the court. The jury found for the appellee, and the court, after overruling a motion for a new trial, rendered judgment upon the finding. We are asked to reverse the judgment on the ground that the evidence did not show that the injury re-

sulted from the negligence of those having charge of the steamboat. The evidence of one of the owners of the wharf-boat, to which the sail boat was tied, was that the sail boat was in "a tolerably safe place, so safe that if steamboats sunk boats so fastened, he supposed they would have to pay for them." He also stated that he saw the danger in which the sail boat was, and hallooed to *Davis* to stop her; he called to the mate of the steamboat, and if the wheel had been stopped then, as it might have been, the injury would not have occurred; that even if the wheel had revolved after the steam had been turned off, the force would not have been sufficient to have caused the injury. Other witnesses testified that the sail boat was in a safe position.

The pilot of the steamer stated that as he backed the steamer out, he noticed that the inside wheel touched something, and he stopped the steamer, and told the mate, who was on the upper deck, that the wheel had struck something; that the mate thereupon went back to the wheel house and looked over the side and reported that it was all clear, and ordered him to proceed; that thereupon he rang the bell to go ahead, and the wheel in revolving struck the sail boat. The pilot had noticed the sail boat on this occasion, and regarded her position as dangerous. The mate of the steamer was not introduced as a witness.

The well established rule of this court forbids any interference with the finding of the jury under this evidence. The testimony of witnesses that the steamer was handled as usual, and of one witness that she was handled as steamers usually are, only presented a conflict of evidence, which is not considered in this court, where the question is as to the weight to be given to the testimony of the conflicting witnesses.

The judgment is affirmed, with five per cent. damages and costs.

*C. Denby,* for appellants.

*M. S. Johnson,* for appellee.