BALLARD and Others *v.* WILTSHIRE and Others.

ADMIRALTY.—STATE LAWS.—The provisions of the code for the enforcement of liens upon boats and other water-craft ( 1 G. & H. 301 ) are, under the ruling in *The Hine* v. *Trevor*, 4 Wallace 555, void. · The jurisdiction of the national courts over this subject is in that case held to be exclusive, and this court yields to the authority of that case.

APPEAL from the *Vanderburgh* Circuit Court.

FRAZER, C. J.—This was an attachment against the steamer *Rose Hite*, to enforce a lien against the vessel under our statute upon that subject. 2 G. & H., § 655, *et seq.*, p. 301. The boat was released by giving a bond as provided by the statute, and the action was thenceforth prosecuted as a suit *in personam*, against the obligors in the bond. The court below overruled a demurrer to the complaint, and the only question here is upon that ruling.

According to the decision of the Supreme Court of the United States in *The Hine* v. *Trevor*, 4 Wallace 555, the statute by virtue of which the boat was seized is void, and the whole course of state legislation and judicial decision since the adoption of the federal constitution, is swept away, and the entire subject is to be deemed exclusively within the admiralty jurisdiction of the federal courts. / It is much to be regretted that such a decision should have been made, and that a practice so long and uniformly acquiesced in

everywhere could not have been regarded as settling the law. Unless Congress shall intervene, it is certain that innumerable mischiefs will result, without any apparent compensating benefits. But upon the particular question the decision is binding authority upon us, and we must follow it, not because it commends itself to our judgment, but because due subordination requires it. In *Lusk et al.* v. *Davis*, 27 Ind. 334, the point was brought to our attention for the first time in a petition for rehearing, and of course we disregarded it, because it came too late, and not, as the appellee's counsel seems to suppose, because of our intention to disregard the authority of *The Hine* v. *Trevor*, when the question should be properly presented for consideration.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer.

*J. M. Shackelford* and *S. R. Hornbrook*, for appellants.

*C. Denby*, for appellees.