Wyatt and Others *v.* Stuckley and Others.

ADMIRALTY.—STATE LAWS.—As there is no maritime lien for building, fitting out and constructing a boat, the statute giving such a lien, and authorizing a proceeding in the state· court to enforce it, is not in contravention of the constitution or laws of the United States.

APPEAL from the *Floyd* Common Pleas.

FRAZER, J.—The only ground upon which it is claimed that this case should be reversed is, that the bond upon which the suit was brought, having been given to release a steamboat seized by process issued out of a state court, under the statute (2 G. & H. 301, *et seq.*,) was void because the state court had no jurisdiction to enforce the lien which the statute provides. Where the claim against the vessel could be enforced in admiralty, as a maritime lien, we have been compelled, by recent decisions of the Supreme Court of the United States, to hold that our state courts have no jurisdiction to entertain proceedings *in rem*, as provided by the statute.

But in this case, it appears that the claim was for "building, fitting out and constructing" the steamer. We are not aware that such a claim can be enforced in admiralty. We understand quite the contrary proposition to be adjudged in *The People's Ferry Co.* v. *Beers*, 20 How. 393, and *Roach* v.

*Chapman* 22 *id.*, 129. It does not follow, because the statute has authorized a proceeding *in rem* to enforce the lien which it gives to the builder of a vessel, that the suit to enforce it must be in admiralty. The jurisdiction of the federal courts cannot be thus enlarged by a state statute. It was so expressly held in *Roach* v. *Chapman, supra.* Nor can we perceive anything in our legislation giving the builder a lien which is in contravention of the constitution or laws of the *United States.*

The judgment is affirmed, with costs.

*J. H. Stotsenburg* and *T. M. Brown,* for appellant.

*G. V. Howk* and *R. M. Weir,* for appellee.

NOTE.—The judgments in the cases of *Raymond et al.* v. *Marsh, Same* v. *Robinson et al., Same* v. *Hill et al.,* and *Wyatt et al.* v. *Zeir et al.,* from the Floyd Common Pleas, were all affirmed upon the authority of this case.