HORACE J. FOSTER & others *vs.* THE RICHARD BUSTEED.

A petition for the enforcement of a lien on a vessel for labor performed in its construction is not barred by a general decree dismissing a former petition to enforce the same lien, the answer to which alleged technical defences against its maintenance, and which was submitted to the judgment of the court on agreed facts conceding the substance of those defences as well as relating to the general merits of the cause; but if the judgment for costs against the petitioner in the former proceeding remains unsatisfied, the court, under the Gen. Sts. *c.* 156, § 12, may stay proceedings on the second petition until such costs are paid.

By the terms of the St. of 1855, *c.* 231, § 1, or the Gen. Sts. *c.* 151, § 12, the lien on a vessel, given by those statutes respectively, continues, without limitation of time, until the debt is satisfied.

PETITION filed July 29, 1867, to enforce liens for labor performed in the construction of the ship Richard Busteed at Quincy in 1857; submitted to the judgment of the superior court on an agreed statement of facts which, after referring to the pleadings, continued as follows:

" It is admitted that the allegations in said petition and the accounts thereto annexed are correct; and that the prayer of the petitioners should be granted, unless the court otherwise decide upon the following facts: The services referred to in this case were completed, and the amount claimed therefor became payable December 14, 1857; and the petitioners filed their several petitions against said ship in the superior court, for the enforcement of their liens therefor, January 7, 1858, upon which process was issued against said ship. The petitions and answers in said original suits may also be referred to. Said cases were afterwards heard by the court upon an agreed statement, which may also be referred to; and, at April term 1860, the following entry was made in each case: ' Petition dismissed; no execution before end of term unless otherwise specially ordered;' and costs.

in each case, at the end of that term, were taxed for the respondent at $55.05, but no execution was ever issued, nor have said costs ever been paid."

On this statement, and the documents to which reference was therein made, the court ordered judgment for the respondent; and the petitioners appealed. The substance of those documents, so far as is material, appears in the opinion.

*H. A. Scudder,* for the petitioners.

*R. M. Morse, Jr.,* for the respondent.

FOSTER, J. The statutes of this Commonwealth, giving a lien on a ship or vessel, for labor performed and materials furnished in its construction, are regarded by this court as constitutional and valid enactments, and have been recognized to be so in numerous decisions. *Tyler* v. *Currier,* 10 Gray, 54. *Rogers* v. *Currier,* 13 Gray, 129. *Gove* v. *Prince,* 3 Allen, 211. The liens created by them have been enforced in admiralty by district and circuit courts of the United States presided over by very eminent judges. *Hawes* v. *Mitchell,* 15 Gray, 234. *The Richard Busteed,* 1 Sprague, 441. *The Kiersage,* 2 Curtis C. C. 421. But the recent decisions of the supreme court of the United States deny that a contract to build a ship is a maritime contract, and hold that no admiralty jurisdiction exists or can be conferred by state laws to enforce such a lien. *People's Ferry Co.* v. *Beers,* 20 How. 393. *Roach* v. *Chapman,* 22 How. 129. *The Moses Taylor,* 4 Wallace,. 411. Whatever may be the rule as to statute liens for repairing vessels, (a subject which we have now no occasion to consider,) it may be regarded as settled, that the enforcement of a lien, created by state laws, for labor performed and materials furnished in building vessels, belongs exclusively to state tribunals.

The defence chiefly relied upon in the present case is, that this joint petition is barred by the proceedings in several former petitions in the superior court for Suffolk County, in favor of the same petitioners, and to enforce the same lien, which were dismissed in April 1860. The former petitions were all submitted to the court upon one statement of facts, upon which the judgment in each case was : " Petition dismissed." An examination

of these agreed facts shows that the claims of the petitioners had not " been due and remained unpaid for the space of sixty days after the same were payable," at the date when the former proceedings were instituted. And this, by the answers in those cases, was alleged as a ground of defence. According to the doctrine of *Tyler* v. *Currier,* 10 Gray, 54, as the law then stood, (St. 1855, *c.* 231,) the former petitions were prematurely commenced, and for this reason alone must have been dismissed. It further appears that the Richard Busteed, at the date of the former proceedings, was in the actual custody of the United States marshal for this district, under process from the district court of the United States to enforce a similar lien in favor of other petitioners. This also, as the law was then understood, was a conclusive answer. At that time, the federal court for this district maintained a concurrent jurisdiction to enforce such liens. Although this jurisdiction has been decided since not to exist rightfully, it was then *de facto* exercised. And in cases of concurrent jurisdiction the rule is clear, *qui prior est tempore potior est jure.* Property in the custody of the officers of a federal court under federal process cannot be interfered with by any state process, and *vice versa.* The courts of each government assume to decide for themselves the extent of their own jurisdiction. *Taylor* v. *Carryl,* 20 How. 583. *United States* v. *Booth,* 21 How. 506. *Freeman* v. *Howe,* 24 How. 450.

It is highly probable that the former proceedings were in fact dismissed for one or both of these causes, and not upon the merits. The agreed facts appear to us to admit a cause of action, except for these objections. But the entry was in general terms, no specific reasons were assigned, and we cannot explore the mind of the court to ascertain what the real reasons were. It may therefore be left uncertain whether the former judgment was against the merits of the petitioners' claims or was based on these technical objections. To be a bar to future proceedings it must appear that the former judgment necessarily involved the determination of the same fact, to prove or disprove which it is pleaded or introduced in evidence. It is not enough that the question was one of the issues in the former

suit. It must also appear to have been precisely determined. *Burlen* v. *Shannon*, 99 Mass. 200.

But it is urged that in equity an entry of bill dismissed *primâ facie* imports that the dismissal is on the merits, and therefore a bar to future proceedings. *Bigelow* v. *Winsor*, 1 Gray, 299. *Foote* v. *Gibbs*, Ib. 412. *Durant* v. *Essex Co.* 8 Allen, 103. There is no essential difference between the effect of a decree in equity and of a common law judgment, in this respect. A bill regularly dismissed upon the merits, where the matter has been passed upon and the dismissal is not without prejudice, is a bar to future proceedings, either in equity or at law. And under similar circumstances a judgment at law is a bar to future proceedings in equity. The doctrine of *res adjudicata* is plain and intelligible, and amounts simply to this, that a cause of action once finally determined, without appeal, between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. But no such effect is attributable to a decree dismissing a bill for want of jurisdiction, failure of prosecution, want of parties, or any other cause not involving the essential merits of the controversy. 1 Dan. Ch. Pract. (3d Am. ed.) 683, 808. And where in the answer various matters of defence are set forth, some of which relate only to the maintenance of the suit, and others to the merits, and there is a general decree of bill dismissed, from which it does not appear what was the prevailing ground of defence, it is impossible to hold that the decree operates to preclude future proceedings. There is, in our opinion, no tenable foundation for the claim that this petition has been barred by the dismissal of the former ones.

The lien having once attached, it continues until the debt is satisfied, by the express terms of both the St. of 1855, c. 231, § 1, and Gen. Sts. c. 151, § 12. The judgments for costs against the several petitioners in the former suits are made the subject of a declaration in set-off in the present case. We do not find it necessary to decide whether the claim falls strictly within the statute of set-off. Gen. Sts. c. 130. We have no doubt that it is a case in which the court may and ought to apply the equity,

of the rule authorized by the Gen. Sts. *c.* 156, § 12, and cause proceedings under the present petition to be stayed until the costs of the former ineffectual proceedings have been paid to the present claimants, who were the prevailing parties therein.

Upon the agreed facts, the judgment dismissing the petition is reversed; and, after payment of the bills of costs aforesaid, the petitioners will be entitled to have their liens enforced in the superior court.