## CHARLES T. DUMONT v. STEAMER PETREL No. 2.

## THE MARINE RAILWAY AND DRY DOCK COMPANY v. THE SAME.

Maritime liens sought to be enforced by proceedings *in rem* are exclusively within the jurisdiction of the Federal courts.

Contracts for supplies and repairs made at the home port of the vessel are not maritime liens; and proceedings *in rem* against such vessel, under the watercraft laws of a State, are not based on any maritime contract, but are purely statutory, and therefore cognizable in the State courts.

These were suits for amounts due for building, repairing, furnishing, equipping, etc., the steamer Petrel No. 2, at Cincinnati, Ohio, the home port of said boat, she being then wholly owned by parties residing in Ohio. The suits were brought to enforce an alleged lien under the watercraft law of this State against the boat by name, and she was accordingly seized. Motions were made by defendants to dismiss the proceedings for want of jurisdiction, and reserved to General Term.

*Lincoln, Smith & Warnock,* for the motion:

1. Domestic lien is admiralty lien. *Steamboat General Buell* v. *Long,* 18 O. St. 527.

2. This was a maritime contract. *In re Belfast,* 7 Wall. 637; *The Moses Taylor,* 4 Wall. 411; *In re Josephine,* 39 N. Y. 19; *Stuart* v. *Steamboat Ohio,* 10 Ohio St. 582; *Bissler* v. *Steamboat Messenger,* 13 O. St. 1.

*King, Thompson & Avery,* and *Huston & Shunk,* contra:

1. Action framed under watercraft law. *Paron* v. *Bedford,* 3 Peters, 433.

2. Maritime jurisdiction under watercraft law wholly statutory. *Williams* v. *Hogan,* 46 Ill. 517; *Pratt* v. *Read,* 19 How. 359; *Wyatt* v. *Stuckly,* 29 Ind. 279.

3. *In re Belfast,* above cited, was overruled by Supreme Court

HAGANS, J. It is now the well-settled law, which our Supreme Court discusses and recognizes in the *Steamboat General Buell* v. *Long,* 18 Ohio St. 533, that in all cases where the suit is brought for the enforcement of a maritime lien, by proceedings *in rem,* the admiralty jurisdiction of the Federal court is exclusive. So that, in the cases at bar, the only question to be considered is, whether the claims are such as belong to the admiralty cognizance. If they are maritime liens they can not be enforced in the State courts by proceedings *in rem* under the watercraft law. Statutes similar to our watercraft law have

been passed in many or perhaps most of the States; and the Supreme Court of the United States has held them to be unconstitutional and void, so far as they authorize proceedings *in rem* against vessels for causes of action, cognizable alone in admiralty. It is admitted that there is no maritime lien in the cases at bar, because the materials, labor, and supplies were furnished to the boat at her home port. And our Supreme Court, in the case already cited, hold, upon abundant authority, that contracts for building vessels, materials and supplies furnished, at the home port, are not cases of admiralty cognizance by proceedings *in rem*. *General Buell* v. *Long*, 18 Ohio St. 527.

This statement would seem to be decisive of the cases at bar. But our attention is called to the following consideration:

That the claims sued on are maritime contracts, upon which suits can be maintained in the Federal courts by proceedings *in personam;* that the proceedings under our watercraft law in the cases at bar are analogous to the proceedings *in rem* in admiralty, and in the nature and with all the incidents of a suit in admiralty, and therefore it is a suit in admiralty of which the Federal courts have exclusive jurisdiction; and that these are not common law proceedings, and therefore not within the exception of the Federal judiciary act of 1789.

To these arguments we have given careful consideration.

It seems to us that in Ohio, taking all the decisions of our Supreme Court, we can not question the jurisdiction of the State courts in every case provided for under the watercraft law, except as limited by the decision in 18 Ohio St. already quoted. The Supreme Court there say, p. 532:

"1. In all cases where a maritime lien arises, the original jurisdiction to enforce it by proceedings *in rem* is exclusive in the district courts of the United States, as provided by the ninth section of the judiciary act of 1789."

But here are liens not maritime, created by the statute, which the Federal courts can not either recognize or enforce.

*Jackson* v. *Steam Propeller Kennie*, a case decided by Judge Field in the United States District Court, N. J., and reported in the August number, 1869, of the Am. Law Reg. 470. The liens in the cases at bar have no existence by virtue of the contract made, but by the statute only, and for the creation of which it is competent for the legislature to provide, as well as for the mode of their enforcement. These statutes simply furnish remedies of which the party may avail himself if he chooses. *The General Smith*, 4 Wheat. 438; *The St. Lawrence*, 1 Black. 429; *Ferry Co.* v. *Beers*, 20 How. 402; *Peyrense* v. *Howard*, 7 Peters, 324; *The New Orleans* v. *Phœbus*, 11 Id. 175; *The St. Iago de Cuba*, 9 Wheat. 409; *Wyatt* v. *Stuckley*, 29 Ind. 279; *Williams* v. *Hogan*, 46 Ill. 517.

The only cases which we have found that conflict with these views are in New York—one in the Court of Appeals, *In re Josephine*, 39 N. Y. 19, upon the authority of which *Ferran* v. *Horsford*, 54 Barb. 200, was decided, in which it is held that in cases where the contract sued on is a maritime contract, and the remedy is *in personam* merely, the admiralty jurisdiction is exclusive. But we are not impressed with the soundness of the judgment in those cases, and are not disposed to follow them, especially in view of the line of decisions in Ohio.

The motions will be refused, and the causes remanded for further proceedings.