SINTON and Another *v.* The Steamboat R. R. ROBERTS, *alias* NEW ERA.

WATER CRAFTS.—*State Courts.*—*Jurisdiction.*—*Admiralty.*—Our State courts have jurisdiction of an action *in rem* to enforce a lien, under the statute, against a steamboat built in a port of this State, for the price of her engines and boilers furnished to her at said port,—this not being a proceeding in admiralty.

APPEAL from the Floyd Circuit Court.

DOWNEY, J.—This was a proceeding by attachment to

enforce a lien, under the statute of the State, against a steamboat, for the price of the engines and boilers. The boat was built at New Albany, in this State, and the engines and boilers were there furnished and put in the boat. The machinery named was made and furnished under a written contract which is set out in the complaint. After its delivery a note for one-half of the price was executed by the master, for the boat and owners, at four months, which is also set out in the complaint. This note was indorsed by the payees, to the plaintiffs, and, in connection with the other matters alleged, constitutes their cause of- action. The contract for the engines and boilers is dated the 25th day of June, 1860, and the note bears date the 19th day of November, 1860.

The sheriff, by virtue of the attachment, seized the boat, her machinery, tackle, furniture, and other appendages. The boat had changed her name between the time of furnishing the machinery and the time of her seizure, and hence the use of an *alias* in her designation. It does not appear that her ownership had changed.

There was a motion to quash the attachment, for the reasons, first, the court has no jurisdiction of said cause; second, because the writ of attachment was improvidently issued, no sufficient affidavit being on file; third, because the affidavit on which the attachment issued is irregular and insufficient in substance and form; fourth, because the affidavit does not state facts sufficient to authorize the issuing of the writ. This motion was sustained by the circuit court, the writ quashed, and final judgment rendered for the defendant. The question is reserved by bill of exceptions.

In the case of *Ballard* v. *Wiltshire*, 28 Ind. 341, this court seems unnecessarily to have conceded a general want of jurisdiction in the State courts in cases provided for by the State law. The case proceeded upon the supposition that the Supreme Court of the United States had held that the jurisdiction of the district courts of the United States extended to cases where the maritime law gave no lien, as well

as to cases where it did; in other words, that our statute gave the lien in no cases except in those which were admiralty cases, properly so called, and that therefore the case of *The Hine* v. *Trevor*, referred to in the opinion in that case, had swept away the whole course of state legislation and judicial decision on the subject.

The case of *The Hine* v. *Trevor*, 4 Wall. 555, was a case based upon a marine tort. It was a case where the boat was seized, under the laws of the State of Iowa, for injuries resulting from a collision with another boat, and was therefore a clear case of admiralty jurisdiction.

So the case in this court of *Ballard* v. *Wiltshire*, *supra*, was clearly a case of that kind, for though the fact does not appear in the opinion, an examination of the files shows that it was based on the violation of a contract of affreightment, which is the subject of admiralty jurisdiction. 2 Parsons Maritime Law, 565, and authorities cited.

In the case of *Ford* v. *Fuget*, 29 Ind. 52, which was a suit on the bond given to release the boat, this court seems to have been governed by the same opinion that controlled it in the case in 28 Ind.; but in *Wyatt* v. *Stuckley*, 29 Ind. 279, this court held, that as there is no maritime lien for building, fitting out, and constructing a steamboat, the statute of the State giving such a lien, and authorizing a proceeding *in rem* to enforce it, was not in violation of the constitution of the United States; that it did not follow that because the statute gave a lien and authorized a proceeding *in rem* to enforce it, the suit must be in admiralty.

It cannot be a question with the courts of the United States as to the *form* of remedy which the states shall provide to enforce rights which are given by the states, and to which the jurisdiction of those courts does not extend. So far as the statute of the state attempts to give jurisdiction to the state courts over those maritime contracts and torts which are properly and exclusively cognizable in the federal courts, it must be conceded to be inoperative. But, aside from these, there are rights conferred by the statute of the State, and a

remedy therefor given, which in no respect trench upon or conflict with such maritime causes of action, or the jurisdiction of the United States courts to enforce them. We think this position is sustained by the decisions of the Supreme Court of the United States as they now stand. *The Belfast,* 7 Wall. 634; *Steamer St. Lawrence,* 1 Black, 522.

At all events, we are satisfied with the position of this court as announced in the case in 29 Ind. 279. Applying the rule there expressed to the case at bar, we must hold that the circuit court had jurisdiction to enforce the lien by attachment under the State law, and so far as this point is concerned, should have overruled the motion to quash the attachment.

We are informed by counsel for appellants, for we are not favored with a brief in behalf of appellee, that other objections were made in the circuit court to the proceeding.

The note says, the " T. W. Roberts and owners promise to pay." The complaint, &c., are against the " R. R. Roberts, *alias* The New Era." The identity of the boat attached with that for which the engines and boilers were furnished is matter of evidence. Perhaps if there was a misnomer, it should have been pleaded in abatement, and might not be made a ground for dismissing the proceeding. There is no question that the present name of the boat is correctly given. This variance, if the right boat has been attached, may, no doubt, be amended.

It was also objected that there was no sufficient averment that the debt was due. There is nothing in this objection. It is alleged that the note was executed at four months, for the debt, and it shows upon its face that fact and that it was due; and the complaint alleges that the amount was demanded of the master of the boat, and that he refused to pay it. This is sufficient on this point.

The other points mentioned and discussed by the appellants will more properly come up on demurrer to the complaint, in the subsequent pleadings, or on the trial of the cause.

The judgment of the circuit court quashing the attachment and dismissing the cause is reversed, and the cause remanded; costs to the appellants.

*M. C. Kerr* and *W. J. Hisey*, for appellants.

*A. Dowling*, for appellee.

