Stone, J.
The objection taken to the jurisdiction of the-court below rests upon the assumption that the claim sought to be enforced arose out of a maritime contract, and constituted, therefore, a maritime cause of action. If this be so, and the case is not aided by the act of Congress of February 26, 1845, it may be conceded that the result contended for would necessarily follow. Under the act of September 24, 1789, the District Courts of the United States are invested with exclusive jurisdiction of all maritime causes of action,., saving to suitors, in all cases, the right of a common law remedy where the common law is competent to give it. The concurrent remedy thus saved to suitors in the courts of common law does not extend to the enforcement of liens by proceedings in rem. That remedy, in cases purely maritime, can only be had in the admiralty courts.
On the other hand, if the contract out of which the cause of action arose was not a maritime contract, the case was one of which the District Courts, sitting as courts of admiralty, had no jurisdiction. In that case it necessarily follows that the statute under which the plaintiff below *567 proceeded, in so far, at least, as it relates to the subject of the action, is not obnoxious to the objection suggested in argument, that it trenches upon the admiralty jurisdiction of the District Courts. In so far as the statute deals with causes of action not maritime, and not, therefore, cognizable in the admiralty courts, no question of conflicting jurisdiction arises.
Whether contracts for ship-building, or for labor performed, or materials furnished in the construction of ships 'or vessels, are maritime contracts, can not now, in our judgment, be regarded as an open question. That such contracts are not maritime, and not cognizable in the admiralty courts, is affirmed by the whole current of judicial authority, both federal and state. Iii People’s Ferry Co. v. Beers, 20 How. 393, the question was presented whether a contract for building a vessel was a maritime contract, and was decided in the negative. In Roach et al. v. Chapman et al., 22 How. 129, the suit was brought to enforce a claim for a part of the price of machinery furnished in the construction of a steamboat, and it was held that the contract, out of which the claim arose, was not a maritime contract. Mr. Justice Greer, delivering the unanimous opinion of the court, uses this language: “A contract for building a ship, or supplying engines, timber, or other materials for her construction, is clearly not a maritime contract. Any former dicta or decisions, which seem to favor a contrary doctrine, were overruled by this court, in the case of People’s Ferry Co. v. Beers, 20 How. 393.” Since this case was decided, it does not appear that the doctrine thus emphatically announced has, in that court, been questioned.
The subject was alluded to in the subsequent case of The Belfast, 7 Wal. 624. Mr. Justice Clifford, delivering the opinion of the court, aud speaking of maritime liens, says: “ Such a lien does not arise in a contract for materials and supplies furnished to a vessel in her home port, and in respect to such contracts, it is competent for the states, under the decisions of this court, to create such liens as their legislatures may deem just and expedient, not amounting to *568 a regulation of commerce, and to enact reasonable rules and regulations prescribing the mode of their enforcement.' Contracts for ship-building are held not to be maritime contracts, and, of course, fall within the same category.”
In Foster et al. v. The Busteed, 100 Mass. 409, decided in 1868, the Supreme Court of Massachusetts affirmed that the statutes of that state, giving a lien on a ship or vessel for labor performed, or materials furnished in its construction, were constitutional and valid enactments, and that the enforcement of such liens belonged exclusively to the state tribunals. The same questions arose and were decided the same way in the still later cases of Sinton et al. v. Steamboat Roberts, 34 Ind. 448; Thorsen et al. v. The Schooner Martin, 26 Wis. 488, and Shepard v. Steel et al., 43 N. Y. 52.
The act of Congress of February 26, 1845, to extend the jurisdiction of the District Courts of the United States, in admiralty cases, to the lakes and their connecting waters, purports, in express terms, to save to the parties, not only .a concurrent remedy at common law, where the common law is competent to give it, but also any concurrent remedy which may be given by the state laws. This statute deals wholly with causes of admiralty and maritime jurisdiction, and the present not being a ease of that character, does not fall within its provisions. In no respect, therefore, is the validity or effect of that enactment here drawn in question.

Motion overruled.