### EDWARD T. RAFFERTY v. TOLEDO TRACTION CO.

1. CAUSE OF ACTION NOT RES ADJUDICATA BECAUSE FORMER ACTION WAS DISMISSED FOR DEFECTIVE PETITION.

A cause of action does not become *res adjudicata* by reason of the fact that a former suit, involving the same subject matter was dismissed on the grounds that the petition did not state facts sufficient to constitute a cause of action.

2. PLAINTIFF STANDS IN POSITION OF ONE TO WHOSE PETITION DEMURRER HAD BEEN SUSTAINED.

A plaintiff in such a case stands in the position of one to whose petition a demurrer has been sustained; and the fact that no demurrer was interposed, but instead a motion to exclude the plaintiff's evidence and direct a verdict for the defendant, which was granted and judgment rendered on such verdict, does not change the position of the plaintiff nor render his suit *res adjudicata*.

O. S. Brumback, for plaintiff in error:

That recourse can be had to the opinion of the court (in a former action) to determine whether the decision was upon the merits where the record and decree leave the matter in doubt is well settled. Campbell v. Rankin, 99 U. S. 261; Davis v. Brown, 94 U. S. 423; Russell v. Place, 94 U. S. 606; Baker v. Cummings, 181 U. S. 117 [21 Sup. Ct. Rep. 578]; Covington & C. Bridge v. Sargent, 27 Ohio St. 233, 237.

If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of proceedings, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit. Hughes v. United States, 71 U. S. (4 Wall.) 232; Gould v. Railway Co. 91 U. S. 526; Verhein v. Strickbein, 57 Mo. 326; Pepper v. Donnelly, 87 Ky. 259 [8 S. W. Rep. 441]; Detroit v. Houghton, 42 Mich. 459 [4 N. W. Rep. 171, 287]; Brackett v. Hoitt, 20 N. H. 257; Rogers v. Higgins, 57 Ill. 244; 1 Daniell Ch. Prac. (3 Am. ed.) 683, 808; Foster v. The Richard Busteed, 100 Mass. 409, 412.

It has been held an acknowledged principle that when it can be gathered from the record that the merits of the controversy were not passed upon in the first action, but the determination proceeded upon some technical objection not affecting the plaintiff's ultimate right to sue, the first judgment will constitute no bar to the second suit. A contrary rule would be founded in such rank injustice as to be insupportable. Wells v. Moore, 49 Mo. 228, 230; Foster v. The Richard Busteed, 100 Mass.

409, 412; Buck v. Spofford, 35 Me. 526; Johnson v. White, 21 Miss. (13 Smed. & M.) 584; Carmony v. Hoober, 5 Pa. St. 305.

A demurrer to a declaration is an admission by the defendant that the facts stated in the declaration are true, and a submission to the court of the question whether, on those facts, the plaintiff is entitled to recover. If the demurrer is sustained, the decision of the court is one of law, namely, that on the facts stated in the declaration, the plaintiff is not entitled to recover, and, if judgment goes upon the demurrer, the only issue which has been finally determined between the parties is one of law. Such a judgment only estops the plaintiff from raising, in a second suit, the same question of law, in the prosecution of the same cause of action. North Muskegon (City) v. Clark, 62 Fed. Rep. 694 [10 C. C. A. 591; 22 U. S. App. 522]; Moore v. Dunn, 41 Ohio St. 62; Wiggins Ferry Co. v. Railway Co. 142 U. S. 396 [12 Sup. Ct. Rep. 188]; Board of Education v. Cosgrove, 5 Circ. Dec. 343 (11 R. 164).

Under the act of April 12, 1858 (Sec. 5301 Rev. Stat.), the court is authorized, in a proper case, to arrest the testimony from the jury, and render judgment for the defendant. The judgment in such case, however, has not the effect of a nonsuit at common law, but is, under the provisions of the code above referred to, a decision of the action upon the merits. It is substantially the same as a judgment for the defendant on a demurrer to the plaintiff's evidence at common law, or the submission of the case to the jury under instructions to return a verdict for the defendant, the same result being reached in either case. Stockstill v. Railway Co. 24 Ohio St. 83; Covington & C. Bridge Co. v. Sargent, 27 Ohio St. 233, distinguished.

Canons of construction. Broom's Legal Maxims 848; Blake v. Davis, 20 Ohio 231, 242; Hall v. Plaine, 14 Ohio St. 417, 422; Robinson v. Greenville, 42 Ohio St. 625; Trimble v. Doty, 16 Ohio St. 118; McCurdy v. Baughman, 43 Ohio St. 78 [1 N. E. Rep. 93]; Russell v. Toledo, 10 Circ. Dec. 367 (19 R. 418, 421); Golley v. Callan, 4 Circ. Dec. 233 (9 R. 217); Black, Proof & Pl. in Accident Cases, Sec. 139; Monnett v. Turpie, 132 Ind. 482, 485 [32 N. E. Rep. 328]; Denver & R. G. Ry. Co. v. Roller, 100 Fed. Rep. 738, 757 [41 C. C. A. 22]; Fink v. Jetter, 38 Hun (N. Y.) 163; Haynes v. Davidson, 8 Abb. N. C. 85; 40 Cent. L. J. 365; Sylvis v. Sylvis, 11 Colo. 319 [17 Pac. Rep. 912]; Milliken v. Telegraph Co. 110 N. Y. 403, 408 [13 N. E. Rep. 251; 1 L. R. A. 281]; Nyback v. Lumber Co. 90 Fed. Rep. 774 [33 C. C. A. 269; 63 U. S. App. 519]; Lynch v. Railway Co. 11 Circ. Dec. 243 (20 R. 248).

But, however that may be, the actual judgment rendered does not appear to be one that is conclusive of the merits of the case. To give it

the effect of such a judgment would not only create that which does not exist, but might work a great wrong to the plaintiff by finally determining a just cause of action which the court did not adjudge against him. Wanzer v. Self, 30 Ohio St. 378, 381.

**Smith & Baker,** for defendant in error.

## HULL, J.

The question in this case is one of *res judicata*—whether there was a former adjudication between the same parties, upon the same subject matter that would bar Rafferty from beginning and maintaining his action against the traction company. This former adjudication was set up by the traction company in its answer, and to that answer a reply was filed by the plaintiff denying that there had been a former adjudication of the cause of action as it is set forth in his petition in this case and setting forth in detail in his reply the facts as he claimed them to be in regard to the former case and former judgment. A demurrer was filed to this reply. The demurrer of the traction company was sustained by the court of common pleas on the ground that the matter pleaded in the reply showed that there had been a former adjudication of the plaintiff's claim, and the petition was dismissed and judgment entered in favor of the traction company, and it is to this judgment that error is prosecuted in this court.

Some time prior to the commencement of this action, perhaps, about two years, the plaintiff began an action against the traction company, alleging in his petition that he was in the employ of the traction company and was injured by reason of its negligence. It is conceded that the cause of action—the ground of this plaintiff's complaint against the traction company—is the same in this case as it was in the first case, but the claim is that it was pleaded differently in this last case and that certain objections which were made to the petition in the former case are obviated in the pleadings in this case and that, therefore, the judgment in the former case is not a bar.

The first case was decided by the trial court upon an objection to any evidence being offered upon the trial, on the ground that the petition did not state a cause of action. This motion was sustained by the court, and the jury directed to return a verdict in favor of the defendant, and judgment entered on the verdict. Error was prosecuted to this judgment in the circuit court and it was affirmed, and the case was then taken to the Supreme Court and the judgment of both the common pleas and of the circuit court was affirmed. While the case was pending in the Supreme Court, plaintiff began this second action, alleging his grievance and especially making allegations as to his own conduct upon the occasion of his

414    OHIO CIRCUIT COURTS.    [Vol.

Lucas County.

injury differently from the allegations in the first petition, and he claims that the former judgment is not a bar.

Plaintiff claimed in his petition in the first case, as he does in this one, that he was in the employ of the traction company at the time of his injury, in this city, working on a floor some twenty-two feet from the ground, in the night; there was a hole in the floor at some little distance from where he was working; that he knew of this hole and had seen it two or three weeks before his injury and at that time it was surrounded by barrels and other barricades, and a light was near it; that on the night in question it was necessary for the plaintiff to go to the rear of the room, to answer a call of nature. Not seeing the barrels, or the lights, he did not think of the hole, fell through and was seriously injured. These were, in substance, his allegations in the first petition on the subject of his injury. As alleged in this reply to which the demurrer was sustained, when the case came on for trial before the court of common pleas, the traction company objected to any evidence being offered, for the reason that the petition did not state a cause of action, and, as the reply alleges, the court sustained this objection upon the ground that the petition showed that the plaintiff knew of this hole in the floor and that his allegations were not sufficient to excuse him for falling into it, with the knowledge he had that the hole was there. The court held, the reply avers, that the allegation was not sufficient to excuse the plaintiff, within the rule of the case of Chicago & O. Coal & C. Co. v. Norman, 49 Ohio St. 598 [32 N. E. Rep. 857] ; and, as stated in the reply, the court, upon this ground, directed the jury to return a verdict for defendant, which was accordingly done; a motion for a new trial was overruled and judgment entered. After the judgment of affirmance in the circuit court plaintiff began this new action. He claims that the judgment of the court upon the first trial was not upon the merits, and, therefore, not a bar; that it is within Sec. 4991 Rev. Stat., which provides:

"If, in an action commenced, or attempted to be commenced, in due time, a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has, at the date of such reversal or failure, expired, the plaintiff, or, if he die and the cause of action survive, his representatives may commence a new action within one year after such date. * * *"

Plaintiff claims that he had not failed upon the merits of his claim against the traction company; that he had failed only by reason of a defect in his petition; that the cause of action which he has, has never been tried or submitted to any court, and that, therefore, the way is still open for him to begin another action, under this section; that the former judgment

Rafferty v. Toledo Trac. Co.

is not *res judicata* as to his claim.   On the other hand, the traction company claims that this is the cause of action that the plaintiff set up in his former petition, and that if he failed to prosecute that upon a proper petition, it was his own fault; that he has had his day in court and this judgment had been entered against him and that he is barred.   As I have said, plaintiff took his case to the circuit court and that court affirmed the judgment of the common pleas, but put it on another ground.   According to the opinion—Rafferty v. Traction Co. 10 Circ. Dec. 347 (19 R. 288)—this court held that the common pleas court was wrong in holding that the allegations of the petition were not sufficient to avoid the admitted fact that he had knowledge of this hole, but held that the judgment of the common pleas court was right for the reason that there was no allegation in the petition showing that the back part of this room was a proper place for plaintiff to go to answer a call of nature or that it was the usual and customary place for the men employed there to go, and that therefore the petition was faulty in that it did not show that he was in the performance of any duty or that he was where he had any business to be at the time he was injured, and, on this ground the circuit court held that the petition was defective and affirmed the judgment of the court of common pleas.   The Supreme Court affirmed without report both judgments.

When counsel for Rafferty drew his second petition he inserted in it the omitted allegations that the circuit court held were necessary, to wit, that the place where he went in the night was the proper and usual place for him to go for that purpose; that it was the place where the men there employed did go for that purpose, and thereby cured the defect that the circuit court found in his petition.   Then the traction company filed the answer in which it set up the former adjudication, and Rafferty filed the reply containing these allegations and showing the facts to be substantially as I have stated.   The court of common pleas held that, notwithstanding this difference in the petition, this addition or amendment to it, that the former judgment was a bar, the cause of action being the same.

It was argued here that if plaintiff failed to draw his first petition so as to show that he was himself not guilty of contributory negligence, it was his own fault, or that of his counsel, and he could not now have his cause of action passed upon again in the form of a new case; that his cause of action against the traction company was settled, adjudicated and ended.

Whether a former judgment is *res judicata,* is a question which has been often discussed by the courts; and in determining the question it is held, generally, that oral evidence may be offered to determine whether

on the former trial the same issues were presented and determined as are sought to be determined and presented in the second case; that witnesses may be called and the charge of the court, if it is a jury trial, may be shown by oral evidence, or the opinion of the court, if it is an error case, may be shown, and oral or written evidence offered as to that to determine what the real question was that was decided either by the court or by the jury and what issues were in fact settled by the judgment in the case. A judgment is final and *res judicata* as to all the issues that are settled and determined in the case; they cannot be readjudicated between the same parties, and it is claimed by the defendant in error that that was the fact in this case.

In Moore v. Dunn, 41 Ohio St. 62, this is found in the syllabus:

"In an action by M against D, a demurrer to the petition was sustained for want of a material averment therein, and M failing to amend, judgment was given for D.

"M afterward brought another action against D, upon the same cause of action, and in his petition supplied the material averment wanting in the petition in his first action.

"*Held:* That the judgment in the first action was not a bar to the cause of action alleged in the second one."

This opinion was by Judge McCauley. The court speaking through him says on page 63:

"The single question in this case is, whether or not a judgment for the defendant upon a petition which did not state facts sufficient to constitute a cause of action, is a bar to a future action between the same parties for the same cause. A judgment for the defendant given upon the facts stated in the petition is conclusive upon the plaintiff only as to the facts therein stated. If the facts alleged make a cause of action a judgment upon them is final between the parties. If the facts do not state a cause of action a judgment upon them is not a judgment upon the merits of the case, and does not stand in the way of a future action for the same cause." (Citing several authorities.)

Counsel for defendant in error urge, upon the authority of Covington & C. Bridge Co. v. Sargent, 27 Ohio St. 233, and other cases, that a second action cannot be maintained. These cases do not support this claim; they apply to a wholly different state of facts. In these cases, sufficient facts were alleged in the first petition to make a cause of action and the cases were heard upon their merits. Further along, in Moore v. Dunn, *supra*, Judge McCauley says, page 64:

"The merits of the case having once been heard the judgment was final; while a judgment for a defendant on demurrer to a petition which

did not state a cause of action determined nothing, only that the facts alleged were not sufficient to constitute a cause of action. The determination, therefore, did not reach the merits of the case and did not conclude the plaintiff in a future action in which sufficient facts were alleged."

It is claimed by the plaintiff in error that he stands the same as though a demurrer to his petition had been sustained. But it is urged by the defendant in error that in this case a jury was sworn and a trial had and a verdict directed by the court and a judgment entered upon the verdict after a motion for a new trial had been overruled and that therefore this cannot be regarded as the same as the sustaining of a demurrer to a petition, but that it is a trial upon the merits in which the judgment is final. We are of the opinion that the contention of the plaintiff in error is right, and that the action of the court upon the first petition is to all intents and purposes the same and should be treated as having the same effect as though a demurrer to the petition had been sustained on the ground that it did not state a cause of action. The motion upon that trial was to direct a verdict for the reason that the petition did not state facts sufficient to constitute a cause of action. This is an objection which may be made at any stage of a case. A demurrer may be filed as soon as a petition is filed, or, if counsel deem it the better practice, he may wait until the case is called for trial, or he may wait until after the jury is sworn, or perhaps he may wait until after judgment is taken, unless the court gives leave to amend. The facts that the petition is insufficient; that there are not sufficient facts stated, may be taken advantage of at any time, but whether it be by demurrer or by motion to direct a verdict, the judgment is asked upon the same ground—that there are not sufficient facts alleged in the petition; that plaintiff has not a cause of action stated, upon which a judgment may rest. The fact that the jury was sworn, and a verdict directed as in this case, does not change the situation —the plaintiff has not failed upon the merits. He has not had an opportunity to present to the court, or to the jury, his cause of action or his claim which he asserts he has against the company by reason of its alleged negligence; he has been prevented from that by the court upon the ground that his petition was faulty and defective in that it showed that his conduct was such upon the occasion of his injury that he could not recover, and the court has determined this fact and this only—that his former petition did not state a cause of action, and as to that fact the judgment is *res judicata* and would bar him from raising that question again; but the courts have not determined that his claim as stated in *this* petition does not constitute a cause of action, and it is conceded that this petition does state a cause of action. He has cured in this petition the defects which

were pointed out by the court in his former petition, and, in our judgment, he is not barred by the former judgment.

Moore v. Dunn, *supra,* is sufficient to decide this case, and it has never been overruled or criticised by the Supreme Court. There are decisions of other states that may be cited to sustain this doctrine.

In Carmony v. Hoober, 5 Pa. St. 305, the court say, on page 307 of the opinion:

"On the contrary, it has been held as an acknowledged principle, that when it can be gathered from the record, the merits of the controversy were not passed upon in the first action, but the determination proceeded upon some technical objection not affecting the plaintiff's ultimate right to sue, the first judgment will constitute no bar to the second suit."

In Foster v. The Richard Busteed, 100 Mass. 409, 412, the supreme court of Massachusetts says:

"The doctrine of *res judicata* is plain and intelligible, and amounts simply to this, that a cause of action once finally determined, without appeal, between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. But no such effect is attributable to a decree dismissing a bill for want of jurisdiction, failure of prosecution, want of parties, or any other cause not involving the essential merits of the controversy."

In Board of Education v. Cosgrove, 5 Circ. Dec. 343 (11 R. 163), the circuit court of Hamilton county holds, in the syllabus:

"The form of action has no bearing upon the right to plead *res adjudicata,* but the controlling question is whether the issues be the same in both cases, and on this question the court will go into evidence to find what issues were actually tried, if it does not appear by the record itself."

Another case is North Muskegon (City) v. Clark, 62 Fed. Rep. 694 [10 C. C. A. 591; 22 U. S. App. 522], and the first paragraph of the syllabus is:

"Judgment rendered against a plaintiff on demurrer to his declaration, because it does not aver a fact essential to a recovery, is no bar to a second suit by him on the same cause of action, wherein the declaration, in stating the cause of action, avers the essential fact previously omitted."

Judge Taft, who delivered the opinion on page 696, says:

"If the demurrer is sustained, the decision of the court is one of law, namely, that, on the facts stated in the declaration, the plaintiff is not entitled to recover, and, if judgment goes upon the demurrer, the

only issue which has been finally determined between the parties is this one of law. Such a judgment only estops the plaintiff from raising, in a second suit, the same question of law in the prosecution of the same cause of action. It does not prevent him from prosecuting a second time, the same cause of action, provided he can and does allege, in his declaration, additional facts, so that its legal sufficiency to sustain a recovery does not depend on the question of law upon which the demurrer in the first case turned."

Judge Taft cites in support of this, Gould v. Railway Co. 91 U. S. 526.

As averred in the reply, the court directed the jury to return a verdict in favor of the defendant. It might be asked whether the court would not have had the power, if the petition was thus defective, to enter up judgment on motion against the plaintiff and dismiss the petition without submitting the question to the jury at all. In our judgment the court would have this power, and that submitting the case to the jury by directing a verdict for defendant, it neither adds to nor takes away from the force and effect of the judgment. It was the judgment of the court that the petition did not state facts sufficient to constitute a cause of action, and the court might as well have entered judgment itself upon the pleadings as to direct the jury to return a verdict and then enter up judgment. We are clear, after examining this case very carefully, that the former judgment was not a bar; that whether Rafferty's cause of action is meritorious or not, or whether he has a valid cause of action against defendant, has not been decided; and, in our opinion, the court of common pleas erred in sustaining the demurrer to the reply.

For these reasons the judgment of the court of common pleas will be reversed and the cause remanded with instructions to the court of common pleas to overrule the demurrer to the reply.