## BUSH v BUSH

Ohio Appeals, 2nd Dist, Franklin Co
No. 1892.  Decided Oct 16, 1930

J. S. Farrison, Columbus, for plaintiff.
Ralph J. Bartlett, Columbus, for defendant.

HORNBECK, J.

Obviously the trial had been concluded and the opinion of the Court rendered when the motion for new trial was filed. The final entry discloses that the Court gave consideration to the motion for a new trial and passed upon it thereby recognizing the former pronouncement as to the result of the trial. This is common practice and we see no objection whatever to it. In any event it can not be said to be prejudicial to the plaintiff.

Coming now to the grounds of error asserted in the petition in error.

The answer of the defendant asserted that the plaintiff on the 20th of November, 1919, had instituted an action against the defendant alleging wilful absence; that on issue joined, the cause was tried to the Court and upon final hearing was dismissed at plaintiff's costs; the cause of action in the instant case is the same as in the former case. It is therefore asserted that the material element of the cause for divorce, viz., wilful absence, fixed in the statute was determined in the former divorce case and therefore is a bar to this proceeding.

The case of **Mullin vs. Mullin, 11 Nisi Prius, N. S. 354,** states the rule:

Quoting from Foster v. Busteed 100 Mass. 412. The doctrine of res adjudicata is * that a cause of action once finally determined * * between the parties, on the merits, by any competent tribunal can not afterward be litigated by new proceedings either before the same or any other tribunal.

It should be observed that the **cause of action** fixed by the statute is not wilful absence but **three years** wilful absence by either party. In this case it obviously means **three years** wilful absence on the part of the defendant. We do not have before us the entry in the former case. All that appears is that there was a petition setting forth the same ground, a hearing and a disposition of the case without granting a decree to the plaintiff. In our opinion, therefore, the adjudication was that there had not been three years wilful absence on the part of the defendant. If the entry were before us and it expressly found there had been no wilful absence this would present a different situation. It is apparent on the record that at the time the former case was presented **no cause** of action existed in favor of the plaintiff altho one was stated in the petition because the time fixed by the statute had not elapsed. The action here is not the same which is necessary to the application res adjudicata. **Trout v. Marvin, 62 Oh St, 134,** 34 C. J. 811.

The test of the identity of causes of action for the purpose of determining the question of res adjudicata is the identity of the facts essential to their maintenance. 15 R. C. L. 964.

The Court could have found all other elements of the case proven and would have been without power to grant the decree because the essential of the statute, namely, three years wilful absence did not attend. The trial court could not, therefore, upon the record as it is brought to our attention have said that the **cause** was adjudicated so as to be a bar to another action.

There is left then but the one question, namely, the weight of the evidence on the only disputed question in the case.

It is asserted that the absence of the defendant was not wilful. There was sharp conflict of testimony on this disputed testimony and it was very close. However, giving the most favorable intendment to the evidence of the plaintiff the Court could have found that defendant left the home of plaintiff of her own volition and that likewise she remained away of her own free will. This, of course, meets the requirement of the statute.

We can not say that the judgment of the trial court was manifestly against the weight of the evidence.

The judgment will therefore be affirmed.

Kunkle, PJ and Allread, J, concur.