THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH SCHAEFFER, PLAINTIFF IN ERROR.

Submitted March 22, 1915—Decided June 14, 1915.

1. In a criminal prosecution for assault and battery and rape, the testimony of a sister of the prosecutrix of complaint made to her by the prosecutrix eight or ten hours after the assault, is admissible. The delay in making the complaint lessens the value and weight of such testimony, but does not affect its competency.
2. The legal rule enunciated in *State* v. *Ivins,* 36 *N. J. L.* 233, that a complaint, made by a prosecutrix *soon after* a rape has been committed upon her, is admissible in evidence, commented upon and explained.
3. Where the objection made at the trial to certain testimony was that it was too remote to be admissible in evidence, and the trial court, in refusing to strike it out, made remarks in the presence of the jury, to which no objection was made, no advantage of such remarks can be had on appeal on the ground that such remarks were injurious to the defendant.

On error to the Supreme Court.

For the plaintiff in error, *William Greenfield* and *Frank E. Bradner.*

For the state, *Andrew Van Blarcom.*

The opinion of the court was delivered by

KALISCH, J.   The Supreme Court affirmed a judgment on a conviction of the plaintiff in error of assault and battery and rape, had in the Essex County Quarter Sessions.

We agree with the result reached by that tribunal for the reasons hereinafter stated.

For the plaintiff in error it is argued that the judgment of the Supreme Court ought to be reversed because it appeared by the record on review before that court, that the trial judge permitted a sister of the prosecutrix to testify against the objection of the plaintiff in error, that the prose-

cutrix made complaint to her of the alleged assault eight or ten hours after it had occurred. This, it is contended, was so remote in point of time as to make the testimony inadmissible.

The alleged assault on the prosecutrix took place in the afternoon, and it was in the evening when her sister called that she complained to her of the assault.

Counsel of plaintiff in error moved to strike out the testimony, and in denying the motion the trial judge said: "It took place in the afternoon. I do not think it is too remote, because the complaint is one of the well-recognized indications of the truth or falsity of such a charge."

We think the testimony was properly admitted, and the trial judge properly refused to strike it out, but the reason that he gave for his action is not in accord with the judicial declaration of this court.

Mr. Justice Garrison, in *State* v. *Rodesky*, 86 *N. J. L.* 220, speaking for this court (on *p.* 221), says: "Even in trials for rape the fact that a complaint was made by the woman is admitted not as corroborative of the facts to which she has testified on the trial, but for the purpose of meeting in advance a self-contradiction in her conduct which if unexplained would discredit her as a witness."

In *People* v. *McGee*, 1 *Den.* 19, Judge Jewett (on *p.* 22), in discussing the legal rule, says: "It is not denied but that, if the female had been a competent witness, had been sworn and had given her evidence, it would have been competent to prove by other witnesses her acts and declarations immediately after the offence was charged to have been committed; not as *confirmatory* of the *truth* or *falsity* of her evidence but as *affecting* the credibility of her testimony. 4 *Bl. Com.* 213; 1 *Phil. Ev.* 233 (*ed.* 1839)."

The contrary view to that adopted by this court is taken by Judge Holmes, in *Commonwealth* v. *Cleary*, 172 *Mass.* 175; 51 *N. E. Rep.* 746, who holds that this class of evidence is admitted for the general purpose of confirming the testimony of the ravished woman. That view is supported by a number of English and American cases, but the trend

of well considered cases and the logic of the rule are in full accord with the view expressed in that regard in *State v. Rodesky, supra*.

Much of the brief of counsel of plaintiff in error is taken up with an attack upon the legal accuracy of the statement made by the trial judge at the time when he refused to strike out the testimony objected to, and it is strenuously urged that this statement made in the presence of the jury was injurious to the plaintiff in error.

But the legal barrier which interposes itself against this attack is that no objection was made to the remarks made by the trial judge when he refused to strike out the testimony.

The objection made at the trial, by counsel of plaintiff in error, presents only a question as to the legal propriety of the trial judge in refusing to strike out the testimony of a witness to the effect that the prosecutrix had complained to her that an assault had been committed upon the prosecutrix, eight or ten hours after the occurrence, as being too remote in time to be admissible as evidence.

For the plaintiff in error it is insisted that such testimony is only admissible when made immediately after the alleged assault, and *State v. Ivins,* 36 *N. J. L.* 233, is relied on as supporting this contention. In the case cited it is true that Chief Justice Beasley (on *p.* 234) says: "The fact that the woman alleged to have been violated, made complaint soon after the occurrence, is admissible as evidence on the part of the prosecution, is entirely settled, and familiar in practice." But this eminent jurist in using the phrase "soon after the occurrence" simply followed the expression in the reported cases and text-books, with reference to the facts of the case then being considered, and never intended to lay down an inflexible legal rule as to how soon after the occurrence the complaint must be made in order to be admissible as evidence, since the promptness with which a complaint is made must depend largely upon the facts and circumstances of each particular case.

In the *Brazier Case,* 1 *East P. C.* 443, the complaint was made within an hour after the alleged assault.

In *Reg.* v. *Clarke,* 2 *Stark.* 214, it does not appear how long after the assault the complaint was made, except from a statement made by the reporter that the husband of the prosecutrix was examined as to the complaint made by her to him soon after the assault had taken place.

Both of these cases are made the basis of the decision in *State* v. *Ivins, supra.* The question how soon after the assault the complaint must be made to be admissible as evidence was not raised and was therefore not decided.

Judge Royce, in discussing the doctrine laid down in *Reg.* v. *Clarke, supra,* says: "It was ruled by Judge Holroyd that in a prosecution for rape, the fact of a woman having made a complaint *soon* after the assault took place is evidence. This rule has been embodied in all the text-books upon evidence; but it has never been understood that mere lapse of time could be made the test upon which the admissibility of such evidence depended. The time that intervenes between the commission of the crime and the making of the complaint is a subject for the jury to consider in passing upon the question of the weight that should be given to the evidence."

In *Higgins* v. *People,* 58 *N. Y.* 377, Chief Justice Church, speaking for the Court of Appeals, said: "Any considerable delay on the part of a prosecutrix to make complaint of the outrage constituting the crime of rape is a circumstance of more or less weight, depending upon the other surrounding circumstances. There may be many reasons why a failure to make immediate or instant outcry should not discredit the witness. A want of suitable opportunity, or fear, may sometimes excuse or justify a delay. There can be no iron rule on the subject."

This case is cited with approval in *People* v. *O'Sullivan,* 104 *N. Y.* 481; 10 *N. E. Rep.* 880, and wherein, the Court of Appeals, in an opinion by Judge Earl, held that a complaint made by the prosecutrix after a delay of eleven months, unexplained, was, as a matter of law, inadmissible as evidence.

But if we give recognition to the doctrine laid down in the text-books and decisions, in England and in this country, that the complaint made by a prosecutrix of an assault committed upon her, after the occurrence, in the absence of the accused, is an exception to the rule, excluding hearsay testimony, and that it is an arbitrary rule of evidence, then the logical result must be that it is competent testimony, and that the nearness of the complaint to the occurrence or the remoteness therefrom cannot affect its competency, but only its probative value. If such testimony is competent an hour after the commission of the offence, there is no sound reason why a greater lapse of time shall render it incompetent. But when we come to consider the value of such testimony, then the more proximate the time of complaint to the occurrence, the more valuable such complaint as evidence becomes. Delay in making the complaint lessens the value and weight of such testimony, but does not affect its competency.

For the reasons given the judgment of the Supreme Court will be affirmed.

*For reversal*—None.