BYRON M. HARMAN, RESPONDENT, v. ERNEST A. REED SUPERVISOR OF ESSEX COUNTY, APPELLANT.

Argued February 6, 1931—Decided May 28, 1931.

For the appellant, *Arthur T. Vanderbilt.*

For the respondent, *Sorg, Duncan & Bailey* and *Robert H. McCarter.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court setting aside an order of the supervisor of Essex county removing the prosecutor from his position as superintendent of the Essex Mountain Sanitorium. The Supreme Court in its opinion said: "Extremely voluminous proofs are brought before us upon which the respondent based his findings. These we have not examined or considered because it has seemed to us that there was a basic question of jurisdiction involved. That question is, did the respondent, as supervisor of Essex county, have jurisdiction over the prosecutor and the subject-matter of the inquiry?"

The office of county supervisor in first class counties, of which Essex is one, was first created by *Pamph. L.* 1900, *p.* 168. The act was rewritten. *Pamph. L.* 1918, *p.* 751. Section 3, in part, provides: "It shall be the duty of the county supervisor to exercise a constant supervision over the conduct of all subordinate officers and employes, and to examine into all complaints made against any of them for violation or neglect of duty, and if it is found that any officer or employe is guilty of the charges brought against him, the county supervisor may suspend or remove him, as the case may seem to require, and generally to perform all such duties as may be required of him by law or ordinance. For such purposes the county supervisor shall have power to compel the attendance of witnesses and the production of books and records in such county pertinent to such examination."

The Essex Mountain Sanitorium was established under *Pamph. L.* 1912, *p.* 340. The superintendent was appointed by the board of managers and held office during the pleasure of that board. By *Pamph. L.* 1922, *p.* 654, the act was amended and the freeholders, or a committee, were given the power of the board of managers. Section 3 of that act, page 657, provides as follows: "In counties of the first class the director of the board of chosen freeholders shall select from among the members of the board a committee to exercise the functions given in other counties to the board

of managers, subject, however, to the general jurisdiction and control of such board of chosen freeholders, and shall designate the chairman of such committee. Said board of managers or such board of chosen freeholders, as the case may be, shall appoint a superintendent of the hospital, who shall be, except in counties of the first class, also treasurer and secretary of the board."

It seems obvious from a reading of the statute that the board of freeholders exercises a general jurisdiction over the sanitorium and a committee thereof appoints the superintendent. The management of the hospital is not vested in a board of managers at whose pleasure the superintendent shall hold office as the Supreme Court said. In fact, the laws of 1922 which control do not contain the language relied upon by the Supreme Court in setting aside the order of the supervisor, since the words "and shall hold office at the pleasure of such board" (board of managers) are not included in that enactment. The superintendent of the sanitorium is subject to the general jurisdiction of the board of freeholders of Essex county, and the county supervisor was vested with power, and it was his duty to exercise a constant supervision over the official conduct of such superintendent.

We do not think it necessary to determine whether the position of superintendent of the Tuberculosis Hospital fell within the exempt civil service classification (2 *Cum. Supp. Comp. Stat.*, p. 2578, §§ 144, 168; p. 2580, §§ 144, 170 (5), or within the non-competitive class (3 *Comp. Stat.*, p. 3800), because it follows from what has just been said that there was a proper exercise of the prerogative writ. Reaching that conclusion, we are relegated to section 11 of the *Certiorari* act (1 *Comp. Stat.*, p. 405), which provides that: "In all cases of writs of *certiorari* now pending or hereafter brought * * * to review the suspension, dismissal, retirement or reduction in rank of any person holding an office or position, state, county or municipal, from which he is removable only for cause and after trial, the court shall determine disputed questions of fact, as well as of law * * *."

This, because of the erroneous conclusion it formed on the statutory situation, the Supreme Court did not do. Consequently there must be a reversal of its judgment; and this raises the question whether the case should be remanded for a finding of fact and new judgment thereon, or we should decide the facts here. Either course is within our power, under the ruling in *Jordan* v. *Dumont,* 105 *N. J. L.* 197, 198, where we said: "Although this court has the power to pass upon the merits and may do so if it so desires. * * * Yet we conclude that, in the present matter, we should not pursue such course, and the record will therefore be remitted to the Supreme Court to the end that that court shall hear and pass upon the questions involved according to the rules and practices of that court." In the case before us, the preferable course is a remand for an examination of and finding on the facts, and a judgment based on such finding.

The judgment will be reversed, and the record remanded accordingly.

Donges, J. (dissenting). I am of opinion that the conclusion of the Supreme Court that the appellant; Reed, was without authority and jurisdiction to hear and pass upon the charges in question was sound. The effect of the amendment of 1922 was to vest the control of the sanatorium in a committee of the board of freeholders, which board appoints the superintendent. It further provides that "the superintendent shall be chief executive officer of the hospital and subject to the by-laws, rules and regulations thereof, and to the powers of the * * * board of freeholders or of said committee, as the case may be."

In view of this and other provisions of the statutes on the subject, and reading them all together, it seems clear that the superintendent of the hospital in question was subject to discipline and dismissal by the board of freeholders or its committee and not by the county supervisor.

*For affirmance*—Donges, Van Buskirk, JJ.   2.

*For reversal*—Trenchard, Parker, Lloyd, Case, Bodine, Daly, Kays, Dear, Wells, JJ.   9.