BYRON M. HARMAN, PROSECUTOR, v. ERNEST A. REED, SUPERVISOR OF ESSEX COUNTY, DEFENDANT.

Argued October 7, 1931—Decided August 15, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the prosecutor, *Robert H. McCarter*.

For the defendant, *Arthur T. Vanderbilt*.

PER CURIAM.

This writ brings up the proceedings before defendant Reed, sitting as a special statutory tribunal, resulting in the conviction of the prosecutor of misconduct in his capacity as superintendent of the Essex County Sanatorium, and his removal from that office. At the original hearing in this court it was determined that the supervisor was without jurisdiction. *Harman* v. *Reed,* 8 *N. J. Mis. R.* 340; 150 *Atl. Rep.* 218. The conviction was accordingly set aside but on appeal, the judgment of this court was reversed (108 *N. J. L.* 191; 155 *Atl. Rep.* 145), and the case was remanded to this court for consideration on the merits. We have accordingly examined with care the voluminous printed transcript of the testimony and other evidence adduced at the hearing before the supervisor, and conclude that the conviction was not warranted by the evidence.

The prosecutor was tried on ten original charges and one supplemental charge formulated during the trial. Of the ten original charges, seven were dismissed as not proved, the other three, of which prosecutor was found guilty, charged in effect undue intimacy with two female employes named Galloway and Galler, entertaining them in his private office, serving liquor to them, taking them riding in a motor car, making indecent proposals, and in one case "assaulting" the Galler woman. It does not seem to have been claimed that as the result either of the "proposals" or the "assault" the prosecutor had carnal intercourse with either woman. The charges were wholly indefinite as to dates, the only specification of time being "between Labor Day, 1925, and August, 1926" in charges numbers one and four and between Labor Day, 1923, and August, 1926, in number two. The charges and trial came in the fall of 1928 so that they were all over two years old. The proof under all of them rested on the unsupported testimony of the Galloway woman as to matters in which she was concerned, and of the Galler woman touching matters relating to herself. Dr. Harman, testifying in his own defense, fully denied them. The testimony of Miss Galloway is greatly discredited by the fact that she told no

one of the alleged indecent advances for months afterwards, though testimony to such complaint if made, is clearly competent. *State* v. *Ivins*, 36 *N. J. L.* 233. As was said in *State* v. *Rodesky*, 86 *Id.* 220; 90 *Atl. Rep.* 1099: "The effect of the fact thus proved is to remove from the state's witness an otherwise discrediting circumstance, and thereby to affect favorably her credibility." See, also, *State* v. *Schaeffer*, 87 *N. J. L.* 663; 94 *Atl. Rep.* 598. Moreover, her testimony has not the ring of truth, as we read it, and hence is unworthy of credit, apart from the fact that counsel for prosecutor in view of objection from opposing counsel, was debarred from cross-examining her touching her character for chastity and past record in that regard. It was shown, however, that she was given to midnight meetings with a male employe, and that when she left the night supervisor was not at all sorry.

The testimony of the Galler woman is somewhat more direct, but to our minds little, if at all, more reliable. She claimed to have left the institution because of Dr. Harman's advances, and she did tell her story to the roentgenologist, Dr. Bennett. The matter was laid before the Catholic chaplain, who held a hearing of his own, apparently at Bennett's instance, and quite obviously came to the conclusion that her story was unworthy of belief, and that her general character was not good. In the case of this witness, also, cross-examination on her past life and record was shut out and we are satisfied that substantial harm was done the prosecutor by that exclusion. Even without it, we take the same view as the chaplain, particularly as it is fairly clear that both the Galler and the Galloway charges were instigated by Bennett out of enmity to Harman.

The eleventh charge, of which the county supervisor found the prosecutor guilty, was that he had discharged one Eloise Travers as night supervisor without charges and a hearing. This charge was formulated after the hearing on the other ten had been completed. Mrs. Travers had testified, early in the hearing on another charge, that something had occurred between her and Dr. Harman which she construed as

a discharge, and left. Perhaps it was a discharge, but no complaint on that score was pending at the time this testimony was given. Harman's counsel objected to it as irrelevant, asked if a further charge was intended, and was told that was not the case. The following day Mrs. Travers was killed by a subway train in New York, and later the eleventh charge was formulated, and the testimony previously objected to relied on to support a conviction on charge eleven. The irregularity of such procedure requires no argument. The question then remains as to the Galloway and Galler charges, whether in view of their indefinite character and in view of the testimony and the conduct of the hearing, there is a "rational basis" for the conviction. *Reilly* v. *Jersey City*, 64 *N. J. L.* 508; 45 *Atl. Rep.* 778; *Herbert* v. *Atlantic City*, 87 *N. J. L.* 98; 93 *Atl. Rep.* 80. We conclude that there was not, and that the conviction and proceedings must be set aside, with costs.