THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM IPPOLITO, PLAINTIFF IN ERROR.

Submitted January 29, 1932—Decided October 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff in error, *J. Victor D'Aloia.*

PER CURIAM.

This case is submitted on briefs, and no brief has been filed for the state, and consequently we consider the case on the brief for the plaintiff in error, who was convicted on an indictment charging in the first count assault and battery, and in the second carnal abuse of a female child over twelve and under sixteen years of age. There was a general verdict of guilty.

The case is brought here on a bill of exceptions and assignments of error, the bill of exceptions being naturally confined to that portion of the evidence containing the alleged errors complained of. The substance of the claim is that the trial court erred in admitting certain specified testimony of declarations by the girl, some four months after the alleged maltreatment, and when she was so far advanced in pregnancy that her condition was noticeable, as to what had happened to her, and who was the guilty party. A reading of the bill of exceptions indicates that she was indisposed to tell anything to the witnesses who testified to her statements, and that those statements were in effect coaxed out of her.

We think that the admission of these statements was erroneous. It is true that under recent decisions, there appears to be no definite limit of time within which a complaint of rape or other similar offense must be made in order that the making of such complaint be competent as evidence. *State* v. *Schaeffer,* 87 *N. J. L.* 663; 94 *Atl. Rep.* 598, but in this case we find nothing that can reasonably be called a complaint. The girl held her peace until her pregnancy could no longer be concealed; and then, the fact of pregnancy needing no statement from her, she was asked who was responsible for it, and after denial and argument, named the defendant, plaintiff in error.

The bill of exceptions is discreetly silent on the question whether the girl was a witness for the state; but be that as it may, we are of the opinion that her statements as set out in the bill of exceptions and objected to below, are not a "complaint" in the sense intended by the decisions, and were not competent as evidence. 52 *C. J.* 1065; *Parker* v. *State,* 67 *Md.* 329; 10 *Atl. Rep.* 219.

The judgment will therefore be reversed, and the record remanded to the Sessions for a new trial.