124 N.J. Super. 530 (1973)
308 A.2d 38
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD TIRONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1973.
Decided July 17, 1973.
*532 Before Judges FRITZ, LYNCH and TRAUTWEIN.
Mr. Carl R. Lobel, Assistant Deputy Public Defender, argued the cause for the appellant (Mr. Stanley C. Van Ness, Public Defender, attorney for appellant).
Mr. Dante P. Mongiardo, Assistant Prosecutor, argued the cause for the respondent (Mr. Joseph D.J. Gourley, Passaic County Prosecutor, attorney for respondent).
PER CURIAM.
Defendant was indicted for assault with intent to rape, in violation of N.J.S.A. 2A:90-2, and rape, in violation of N.J.S.A. 2A:138-1. He was tried by a jury and found guilty of rape. The sentence imposed was a term of 10 to 15 years.
Amongst the alleged errors raised by defendant in this appeal with which we deal first are:
1. The admission into testimony of a "fresh complaint" made by the victim to her brother Larry Sanzari, defendant contending that the doctrine underlying such testimony is no longer a valid exception to the hearsay evidence rule.
2. The trial court should have charged the jury on the limited use of "fresh complaint" testimony as required by Evidence Rule 6.
3. The court improperly restricted cross-examination of a police sergeant on the contents of the original complaint of the victim and his testimony before the grand jury.
Review of the testimony at the trial discloses that the victim met defendant casually on her coffee break outside her place of work and accepted a date to meet him after work that evening. The date was kept and the two embarked on a tour of several bars after dining, ending up for coffee *533 at a diner. Thereafter, the victim drove defendant to his home in her car and alleged that the rape was committed in her automobile after a good-night kiss. She testified she reached her home about 2 A.M. and later called her brother Larry Sanzari between 9 and 10 A.M., telling his wife of the incident. Larry Sanzari testified thereafter that his sister, the victim, told him that she had been raped.
We conceive that the "fresh complaint" doctrine is still a viable exception to the hearsay rule, State v. Balles, 47 N.J. 331 (1966), cert. den. 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed.2d 1321 (1967); State v. Gambutti, 36 N.J. Super. 219 (App. Div. 1955). Accordingly, we doubt that under Evidence Rule 20 the use of "fresh complaint" testimony is limited to meeting a charge of recent fabrication, but even were it otherwise, a close reading of defendant's cross-examination of the victim discloses at the very least an attempt by innuendo, in the form of the questions propounded, to make that very charge. Accordingly, we find no error on this score.
Insofar as defendant claims error on the admission of Larry Sanzari's testimony of the victim's complaint to him as not being "fresh" because of the lapse of some seven to eight hours between the happening of the alleged rape and the complaint, we again find no merit. Delay in making the complaint may lessen the value and weight thereof but does not effect its competency. State v. Balles, supra; State v. Schaeffer, 87 N.J.L. 663 (E. & A. 1915).
We next consider the contention of error referrable to an absence in the charge of the limited use of "fresh complaint" testimony. This question was not raised below either by a requested charge or an objection after the charge, so we must consider it under the guidelines of "plain error." We are persuaded that this omission had the clear capacity to bring about an unjust result. R. 2:10-2. A "fresh complaint" was employed by the State to bolster the credibility of the victim and to blunt the charge (if the jury so inferred from counsel's questions of the victim) of recent *534 fabrication. State v. Gambutti, supra, held that "fresh complaint" testimony is admitted solely for the purpose of supporting credibility, and the triers of the fact should be accordingly charged on this limited use pursuant to Evidence Rule 6. Clearly, a "fresh complaint" is not to be considered as substantive corroboration of the criminal act (rape) here charged but to bolster the victim's credibility. It is for this reason that the substantive details of the alleged rape, with but certain exceptions not here pertinent, are not permitted when testimony in the form of a "fresh complaint" is offered. Without the appropriate limiting charge, the jury could have been mistaken as to the proper function of this testimony.
While sufficient error has been demonstrated to mandate reversal, we add a cautionary note concerning defendant's contention that there was an improper restriction of his cross-examination of Sergeant Sniatkowski regarding the contents of the original complaint sworn out prior to indictment, suggesting a charge of attempted rape rather than rape, and his testimony before the grand jury. If, indeed, questions and answers in this area develop that Sniatkowski took the victim's original oral complaint and prepared the original complaint, then examination on this score would be proper as relevant to the testing of Sniatkowski's credibility inasmuch as he had previously testified in the trial that the victim told him that she had been raped.
In view of the foregoing, we find it unnecessary to deal with the remaining contentions of error made by the defendant.
For the reasons herein expressed, we reverse and remand for a new trial.