TERRENCE REILLY v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

Submitted December 8, 1899—Decided February 26, 1900.

An order made by a board of police commissioners removing a patrolman from his position, upon charges, and after notice and a hearing, as provided by the "Act respecting police departments in cities," &c., will not be set aside if the proceedings were had in conformity to the statute, and the testimony adduced at the hearing afforded a rational basis for the judgment against him.

On *certiorari.*

Before Justices DIXON, GUMMERE and LUDLOW.

For the prosecutor, *Thomas F. Noonan, Jr.*

For the defendants, *John W. Queen.*

The opinion of the court was delivered by

GUMMERE, J. The prosecutor was a patrolman in the police department of Jersey City. He was charged before the board of police commissioners with neglect of duty, with absence from his post without leave and with intoxication.

These charges were in writing, signed by the persons making them. They were heard and investigated publicly

by the board, upon notice to the prosecutor, who appeared at the hearing with counsel. At the conclusion of the hearing the board, after consideration, found the prosecutor guilty of the several charges brought against him, and dismissed him from the police force.

The writ in this case is sued out to review this action of the board of police commissioners.

The only grounds for setting aside the order of dismissal urged at the argument were that the proceeding before the board was irregular, and that their finding that the prosecutor was guilty of each of the several charges made against him was not sustained by the testimony.

The first section of the "Act respecting police departments in cities," &c. (*Pamph. L.* 1885, *p.* 163), provides that no person shall be removed from employment or office in the police department of any city, or from the police force, for political reasons, or for any other cause than incapacity, misconduct, non-residence or disobedience of such rules and regulations as may be established for the police officers or for the police departments of such cities. The fifth section of this act regulates the mode of trial. It provides that no person shall be removed from office or employment in the police department except for cause, as provided in the first section, and then only after written charges of the cause or causes of complaint shall have been preferred against any such officer or employe, signed by the person or persons making such charge or charges, and filed in the office of the municipal officer or officers or board having charge of the department in which the complaint arose, and after the said charges have been publicly examined into by the municipal board or officer in authority, upon such reasonable notice to the person charged, and in such manner of examination as the rules and regulations governing the same may prescribe, it being the intent of the act to give every person accused under charges a fair trial upon such charges and every reasonable opportunity to make his defence, if any he has, and chooses to make.

It is not intended by this legislation that the trial pre-scribed shall be conducted with the formality required in the trial of criminals for minor offences in courts, or by magis-trates; nor that the evidence produced at the hearing shall be such as would support a conviction upon an indictment.

The prosecutor was given notice in writing of the charges against him, and of the time and place of the hearing upon those charges. At that hearing he was allowed the assistance of counsel, was permitted to cross-examine the witnesses pro-duced against him and to submit testimony on his own behalf. This was a fair trial within the meaning of the act. *Ayres* v. *Newark,* 20 *Vroom* 170.

In reviewing the action of a board of police commissioners this court will not weigh the evidence taken before them, for the purpose of reaching an independent conclusion on the question of the guilt or innocence of the prosecutor. It will only consider such evidence for the purpose of determining whether or not it affords a rational basis for the judgment against him. If it does, then no matter whether the evidence be weak or strong, this court will not interfere. *Dodd* v. *Camden,* 27 *Vroom* 258. Tested by this rule, the evidence produced before the board, and sent up with the writ in this case, supports the conviction which rests upon it, and the order of removal must therefore be affirmed.