GEORGE E. TINDALL v. MONMOUTH COMMON PLEAS.

Submitted December 5, 1907—Decided February 24, 1908.

Before a Court of Common Pleas can revoke a license to keep an inn and tavern under section 10 of the act to regulate the sale of liquor, as amended in 1906 (*Pamph. L., p.* 199), the notice required by the statute must be given to the holder of the license and the owner of the licensed premises, and the fact that the holder of the license has been convicted in the Court of Quarter Sessions of the same county of an offence for which his license became forfeited and void, does not dispense with the necessity of this notice.

On *certiorari.*

Before Justices SWAYZE and TRENCHARD.

For the prosecutor, *William L. Edwards.*

The opinion of the court was delivered by

SWAYZE, J.   The prosecutor was convicted in the Monmouth Quarter Sessions of the unlawful sale of liquor on Sunday, and thereupon an order was entered in the Monmouth Common Pleas revoking his license to keep an inn and tavern.   This order he now seeks to have set aside.

The proceeding is a summary one under section 10 of the act to regulate the sale of liquors, as amended in 1906. *Pamph. L.* 1906, *pp.* 199, 201, § 3.   The statute requires notice to be served upon the holder of the license, and also upon the owner of the property.   The necessity of this notice when the body granting the license and vested by the act with the power of revocation is distinct from the court in which the conviction is had is obvious.   We see no reason why the same notice should not be required in the case of a license granted by the Court of Common Pleas as in the case of a license granted by excise commissioners.   The mere fact that the same judge may sit in the Common Pleas and the Quarter Sessions cannot dispense with the statutory requirement.   The

revocation of the license not only disqualifies the person to whom the license was granted from receiving a license for one year, but also prevents a license being granted to anyone in the premises for which the forfeited license was granted. Notice to the owner of the premises seems necessary to constitute due process of law. This record fails to show any notice, either to the licensee or the owner.

The order must therefore be set aside.