THOMAS SAWICKI, PROSECUTOR, v. JOHN KERON ET AL., AND THE BOARD OF EXCISE COMMISSIONERS OF ELIZABETH.

Submitted December 3, 1909—Decided February 21, 1910.

1. In a complaint before a, licensing board for violation of the law relating to sale of intoxicating liquors, great precision is not necessary; it is sufficient if the charge can be clearly made out from the statements of the complaint.

2. The "conviction" of violation of the liquor law mentioned in section 3 of the supplement approved April 13th, 1906 (*Pamph. L., p.* 199) is not necessarily a conviction before a court of law, but may legally be a conviction by the judgment of the licensing body.

3. In proceedings for forfeiture of a license to sell liquor, as authorized by said section, it is essential to the validity of the judgment that a copy of the complaint and order to show cause be served upon the owner of the premises as well as upon the licensee; and in default of such service on said owner a forfeiture cannot stand even as against the licensee.

4. If proceedings be summary in character, the record must contain a statement of the substance of the evidence given, that a reviewing court may be enabled to judge of its sufficiency.

On *certiorari*.

Before Justices Swayze, Trenchard and Parker.

For the prosecutor, *William R. Wilson.*

For the defendants, *James C. Connolly.*

The opinion of the court was delivered by

Parker, J. The writ brings up an order of revocation of prosecutor's license to sell intoxicating liquors made by the

board of excise of Elizabeth. The return shows that on February 4th, 1909, complaint in writing was made to the board, setting up that on Sunday, January 17th, 1909, prosecutor violated the provisions of the supplement to the act of 1889, commonly known as the "Werts act" (*Gen. Stat., p.* 1810, *pl.* 131 *et seq.*), which supplement was approved April 13th, 1906, and is popularly known as the "Bishops' law" (*Pamph. L.* 1906, *p.* 199), in that "the said Thomas Sawicki did on Sunday the 17th day of *April, 1909,* sell and offer for sale, etc., contrary to the provisions of section 10 and section 1 of said amendatory act." The complaint named one Simon Mack as owner of the premises where prosecutor's business was connected. The board set February 18th as the time for hearing, and notice seems to have been duly given to prosecutor, as he appeared by counsel, who admitted due service of the complaint. At the hearing counsel objected to the complaint in that it charged a violation as having occurred on a date still in the future. The date was amended over his objection to read January 17th, the trial proceeded and at its conclusion the board unanimously ordered the license revoked. The return states that "Officer Watson was sworn and testified as to violation of the excise laws; Officer Michael Mulcahey was sworn and gave testimony similar to Officer Matson (Watson?)." With this exception we are not informed as to the nature of the testimony; and it does not appear that any notice was served on the owner of the premises as required by section 3 of the act of 1906, amending section 10 of the act of 1888. The record submitted to us is not printed, but the copy of the judgment of conviction sent up is made out on a printed blank evidently made up for and used by the excise board, and the printed clause therein reciting that notice was served on the owner is struck out. It further appears that "the case against the owner of the building, Simon Mack," was dismissed on the ground that a certain brewery company held a lease on the property.

The first point made by prosecutor is that the complaint is defective in stating April 17th as the date of the alleged offence and that the defect was not amendable. We think that the

licensee was fully notified by the general language of the complaint just preceding the statement referred to, that January 17th was meant, and that April 17th was a palpable slip of the pen which did not mislead the accused in any way, and the amendment was therefore harmless.

The next reason is that the complaint does not specify the names of persons to whom sales were made, nor that they were unknown to complainants, citing *Roberson* v. *Lambertville*, 9 *Vroom* 69; *Greeley* v. *Passaic*, 13 *Id.* 87, and *Flanagan* v. *Plainfield*, 15 *Id.* 118. This would of course be fatal in an indictment; but we are unwilling to set aside the present proceedings on the ground that such particularity should be required in a complaint to the excise board. The point is not decided, as our disposition of the case turns on other grounds.

Next it is objected that the board of excise had no jurisdiction to revoke the license until there had been a conviction by a competent tribunal of such a violation of the act as would justify under it a forfeiture of the license; in other words, that the board had, itself, no jurisdiction to adjudicate that the act had been violated. We think there is nothing in this objection. It is true that section 3 of the supplement of 1906 provides that the license "shall thereupon, upon conviction, become forfeited and void;" but a reading of the language following makes it clear that the conviction meant is that following the complaint and other proceedings before the court "or other body by which the license was granted." We are therefore of opinion that an adjudication of guilt by the board which granted the license, when had upon proper complaint, notice and hearing, is such a conviction as is contemplated by the statute, and that upon such conviction the board may properly proceed to adjudge a forfeiture.

It is further urged that the complaint is bad in charging a violation of section 10 of the supplement of 1906, when there is no such section.

The act of 1906 is an amendment of several sections of the act of 1888, already cited. Its first section amends section 1 of the old act; the second amends section 3 of said act; the

third section amends section 10, and the fourth, section 11 of the act of 1888. The fifth and last section is the only one that does not specifically amend some former enactment. Under section 3 of the supplement, section 10 appears in its amended form, with that number; and as in the case of the date it is obvious that the mistake in number was a mere slip of the pen in citing the law invoked, and could not have misled anyone who intelligently read the complaint and consulted the statute. We are not willing to set aside the proceedings on this ground.

But there is one defect in the proceedings which appears to us to be fatal; and although it is not relied on in the reasons, we feel constrained to consider it in justice to the party whose rights were prejudiced by the judgment without notice or hearing, viz., the owner of the premises. The act provides that in such cases as this a copy of the complaint and order to show cause shall be served upon the owner of the premises; and that in case of revocation, not only shall the licensee be disqualified from receiving any other license for a year, but "for the same period no license shall be granted to sell spirituous, vinous, malt or brewed liquors in the premises for which the forfeited license was granted." The purpose and propriety of requiring service of the papers on the owner of the premises are therefore plain. The judgment of forfeiture is manifestly prejudicial to him; and the disqualification of the premises by such judgment is so interwoven with that of the licensee that in our view a proper judgment of forfeiture cannot be pronounced unless both licensee and owner are in court and have had their hearing. This was held in *Tindall* v. *Monmouth Pleas,* 47 *Vroom* 71; and though, as remarked in *Cuirczak* v. *Keron, Id.* 380, perhaps not necessary to that decision, and though raised, but not decided, in the Cuirczak case, our present consideration of the subject confirms the view expressed in Tindall v. Monmouth Pleas, and leads us to the conclusion that on account of this radical defect in the procedure, the judgment of forfeiture in the case at bar must be set aside.

Another point not raised by the reasons is also pertinent. There was no right to a trial by jury, and no right of appeal. Consequently the proceedings were summary. *Orange* v. *Mc-Gonnell*, 42 *Vroom* 418. In fact the statute itself so declares. Hence it is necessary that for purposes of review the substance of the evidence should be given, and not the conclusions drawn therefrom. *Salter* v. *Bayonne*, 30 *Id.* 128, is one of a great number of decisions on this point, some of which are cited in Esping *v.* Elizabeth Society, &c., decided at the present term of this court. As already noted, the only statement before us as to the evidence is that two police officers were sworn and testified to "violation of the excise laws." This, of course, is only a conclusion, and does not even allege that the violation was as charged in the complaint.

The judgment of forfeiture and proceedings on which it is based must be set aside.