EZRA B. MARTER v. ALBERT G. REPP ET AL.

Argued November 4, 1910—Decided November 5, 1910.

The record of the summary conviction under section 10 of the "Bishops' law" (*Pamph. L.* 1906, *p.* 199), by which a license is forfeited, must contain enough of the substance of the evidence upon which the forfeiture rests to enable a court sitting in review to judge of its sufficiency.

On *certiorari* under the statute.

Before Justice GARRISON.

For the prosecutor, *Austin H. Swackhamer.*

For the defendants, *John Boyd Avis.*

The opinion of the court was delivered by

GARRISON, J. Section 10 of the "Bishops' law" (*Pamph. L.* 1906, *p.* 199) provides that if, upon complaint made to the body by which a license was granted, it be established that intoxicating liquor had been sold to a minor by the licensee, "his license shall, upon conviction, become forfeited and void;" it is also provided that "all such complaints shall be heard in a summary way." Neither a trial by jury nor any appeal is given.

The contention of the prosecutor is that the record of such a conviction should contain enough of the evidence to enable a reviewing court to judge of its sufficiency, and that this is the mode of review that the common law provided for just such summary convictions.

In opposition to this it is said that such review obtains only in convictions under penal statutes; that this is not a penal statute, and that the conviction which it expressly provides shall be adjudged in a summary way is not a summary conviction within the rule stated.

The case of *Sawicki* v. *Keron,* 50 *Vroom* 382, is directly in point.

In that case, with a conviction and its consequent order similar to the present one before this court, Mr. Justice Parker said that "it was necessary that for the purposes of review the substance of the evidence should be given." Justices Swayze and Trenchard apparently concurred in the view so expressed.

It is said that this expression of opinion was *dictum,* and hence need not be followed; and that it was erroneous, and hence should not be followed.

I am not sure that it was *dictum.* There was a general reason filed which may have been sufficient to present an error on the face of the proceedings. It is not stated that it was not argued. Be that as it may, I am far from being convinced that it was erroneous.

It was relied upon by the court as the basis of its decision, and hence was not *obiter,* whatever else it might be; it may have been error for the court thus to base its decision—this was a matter for an appellate court to review, but such judicial *dictum* is not *obiter*—a distinction to be regarded by a co-ordinate branch of the same court.

The argument is that the conviction, while summary, is not penal as distinguished from civil. It certainly is penal in point of fact and as distinguished from remedial.

The statute is a police regulation, and the proceeding under review is one for the enforcement of a forfeiture, *i. e.,* a penalty for the violation of such police regulation. Such enforcement is solely in the interest of society, *i. e.,* the state, partly by ridding the public of an untrustworthy licensee and partly as a deterrent against like offences. Compared with the penalties ordinarily visited upon like offences, the penalty is enormous even from the pecuniary standpoint, to say nothing of the personal disability; for while a fine of so many dollars is not directly imposed, the forfeiture is of a license that may have cost and be worth hundreds of dollars, to say nothing of the loss of rentals. I do not see by what test such legislation can be said to be not penal but civil. The most usual occasion for such a test arises from the two different constructions that are

applied; but I should hesitate a long while before saying that upon doubtful language this statute should not be construed strictly because it was not penal.

The definition of a penal statute given in the 22 *Am. & Eng. Encycl. L.* 654, is "a penal statute is one which enforces a forfeiture or penalty for transgressing its provisions or doing a thing prohibited." That is precisely what this statute does, and the cases cited under the foregoing text justify the carefully-worded definition in this, viz., that "penal" is a much broader term than "criminal," and includes many statutory enforcements of police regulations, the violations of which are in no sense crimes. In the present case it happens that such violations are crimes which certainly does not weaken the prosecutor's case.

The absence of either trial by jury or any sort of an appeal in review has always been treated as one of the essential grounds for the common law rule that required the substance of the evidence on which a conviction, thus summary, rested to be contained in the record of such conviction.

The object of the rule was to provide a review precisely, because none existed in a class of cases where it was most needed, viz., in cases decided out of hand by petty statutory tribunals who ofttimes were totally unlearned in the law. It so happens that in the present case the tribunal was a learned court, but under the statute it is the body that granted the license that might be an excise board unlearned in the law, unfamiliar with the rules of evidence and unable to judge of the relevancy of testimony, or it might be a legislative body such as a common council who, in addition to the foregoing lack of qualifications, had been chosen on political grounds alone or on strictly party lines. A summary conviction before some of these bodies by which a forfeiture far greater than the ordinary penalty is imposed without any sort of supervision or review would seem to present the precise hardship it was the object of the common law rule to ameliorate. At all events, the mischief and the remedy are so exactly analogous to the cases to which admittedly the rule applies that it should require more than a doubtful expression or the turn of a phrase to place the present sort

of a summary conviction outside of the class to which such rule is universally applied.

Inasmuch, therefore, as I am not convinced that the view expressed in the earlier case in this court was clearly *dictum* or that it was in point of law erroneous, sound judicial policy dictates that the view so expressed be followed, leaving it to the party who disputes its soundness to invoke the jurisdiction that is established for the correction of just such errors.

The order of the Gloucester Pleas is set aside.