TOFIL DULINSKI AND PETER BREIDT CITY BREWERY COMPANY, A CORPORATION, PROSECUTORS, v. PETER M. KLING AND THE BOARD OF EXCISE COMMISSIONERS OF THE CITY OF ELIZABETH ET AL.

Argued February 20, 1912—Decided July 1, 1912.

The statute providing for the forfeiture and revocation of a license (*Comp. Stat.*, *p.* 2907, § 83) prescribes as a necessary consequence of a revocation that no license shall be granted for a period of a year thereafter to sell liquors in the premises for which the forfeited license was granted, and hence it follows that a judgment of forfeiture cannot stand unless the owner of the premises is a party to the proceedings.

On *certiorari*.

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutors, *John J. Stamler.*

For the defendants, *James C. Connolly.*

The opinion of the court was delivered by

VOORHEES, J. This is a *certiorari* to the board of excise of the city of Elizabeth. Under it, a rule has been granted to take affidavits, and such testimony has been taken. Complaint, under oath, signed by two citizens, was made to the board of excise against the prosecutor Dulinski, duly licensed by said board to sell liquors, for having sold or given away liquors on Sunday.

It sets out that Dulinski, proprietor of a saloon at No. 216 Second street, licensed to sell liquors, did, on Sunday, October 8th, 1911, violate the act regulating the sale of liquors, and on that day did sell and offer for sale and give away ale, wines, lager beer and liquors, and that by reason of this violation his license became subject to revocation.

The complaint further alleges that the premises whereon the violation took place were owned by Thomas Noonan. Upon this the proper notice issued which was served on the saloon-keeper and also on Noonan, the owner of the fee of the premises whereon the saloon was located. After a trial, a judgment was rendered against Dulinski, the proprietor, and Noonan, the owner.

In this conviction there is recited that on the day of the trial certain witnesses, named therein, were sworn in said matter, and one of them testified that "on Sunday, the eighth day of October, A. D. 1911, he went into the said saloon kept by said Dulinski, and in the presence of one O'Brien, did drink beer that he found on the bar, and that he saw a number of other persons in said saloon who had beer before them on the said bar; that the said O'Brien testified that he accompanied the said Mulcahy on the said eighth day of October, 1911; that the other witnesses, naming them, did each testify that they were in said saloon on the said eighth day of October, 1911. at about eight o'clock in the evening, at the time that the two officers came in, and that they had each asked the person tending bar to sell them a drink, and that he had given them a glass of beer, but refused to take money for it."

Upon this testimony the following judgment was rendered by the board:

"The said board having considered the said testimony and evidence, do adjudge the said Tofil Dulinski to have been guilty of selling intoxicating liquors on Sunday, the eighth day of October, 1911, contrary to law, and do declare and adjudge that the said license heretofore granted to John Reilly, and afterwards transferred to the said Tofil Dulinski, be re-

voked and annulled, and that no license shall be granted to keep a saloon in said premises for a period of one year."

It appeared from the affidavits taken that the Peter Breidt Brewing Company had a lease, dated 1908, for ten years upon the premises; which company had sublet to Dulinski; but was not made a party to these proceedings and received no notice of them. This is one of the reasons asserted why the conviction should be set aside.

The tenth section of the Liquor law, 1906 (*Pamph. L., p.* 201), provides for the forfeiture of a license where a licensed dealer shall sell or offer for sale, or give, or suffer to be given within his saloon any liquors on Sunday.

Under the authority of *Marter* v. *Repp,* 51 *Vroom* 530 (*S. C. affirmed,* 53 *Vroom* 531), this conviction sets out the substance of the evidence upon which the forfeiture is rested, so that the reviewing court is able to judge of its suffi- ciency. It shows that the licensee had given away liquor on Sunday to persons in his saloon. The forfeiture is therefore good as to Dulinski and Noonan, the owner of the fee of the premises, unless for reasons to be hereafter spoken of it must be set aside for those reasons.

As to the Peter Breidt Brewing Company, the lessee of the premises, under a lease duly recorded with some years of its term yet to accrue, another question is presented. The pro- hibition of the statute, whereby by reason of the forfeiture of the seller's license, no license shall be granted for the premises for a year, extends automatically to such premises and amounts to a taking away of property rights, if it be done without notice to the owner. In *Tindall* v. *Monmouth Pleas,* 47 *Vroom* 71, and *Sawicki* v. *Keron,* 50 *Id.* 382, this court held that the revocation of the license not only disqualified the person to whom it was granted from receiving a license for one year, but also prevented a license being granted to anyone in the premises for which the forfeited license had been granted for the period of a year. It was held that notice to the owner of the premises was necessary to constitute due process of law, and for lack of such notice, the order was set aside, forfeiting the license.

The order of forfeiture of the license is inseparably connected with the ban against the premises. It is argued that the owner of the fee was notified. This is true, and makes the order good against him, as before stated. But a lessee is, in a sense, also an owner, and under the Tindell case, it is apparent such meaning should be given to the estate of a lessee of the premises, and a judgment working a forfeiture against him without notice to him would be taking his property without due process of law, thus coming within the reasoning of the cases last cited.

The statute providing for the forfeiture and revocation of a license (*Comp. Stat., p.* 2907, § 83) prescribes as a necessary consequence of a revocation that no license shall be granted for a period of a year thereafter to sell liquors in the premises for which the forfeited license was granted, and hence, it follows that a judgment of forfeiture cannot stand unless the owner of the premises is a party to the proceedings. The order of revocation must be set aside.

This makes it unnecessary to consider the two motions which accompany this *certiorari,* viz.: The first to vacate an order made by the judge on the 7th of January, 1912, requiring the commissioners to send up the testimony taken on the trial and to strike out the return made in pursuance of said order because such return was signed only by the president of the commissioners and not by all of the commissioners, and the second for an order striking out all of the testimony taken in pursuance of the rule granted because such testimony was merely hearsay and because it contradicted the record.