JOHN D. MULLANE, APPELLANT, v. CITY OF SOUTH AMBOY ET AL., RESPONDENTS.

Argued March 4, 1914—Decided June 15, 1914.

1. A resolution of a city council, convicting a city officer of charges of misconduct and incompetency in office and removing him therefrom, must contain the substance of the evidence upon which the action was based, in order to enable the reviewing court to judge of its sufficiency.
2. *Marter* v. *Repp*, 82 *N. J. L.* 531, followed.

On appeal from a judgment of the Supreme Court.

For the appellant, *John A. Coan.*

For the respondent, *Frederic M. P. Pearse.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a *certiorari* proceeding brought to review a resolution of the city council of South

Amboy convicting the prosecutor upon charges of misconduct and incompetency in his office of overseer of the poor of that city and removing him from that office therefor. The review of the resolution had in the Supreme Court resulted in a judgment affirming it, and the present appeal is brought to test the validity of that judgment.

The resolution was attacked in the Supreme Court upon numerous grounds, all of which are discussed in its opinion filed in the cause, and held to be without merit. With one exception we concur in the view of the Supreme Court as to the lack of merit in the reasons set up by the prosecutor for his attack upon the resolution, and have nothing to add to its discussion of them. The exception relates to the contention of the prosecutor that the resolution of conviction is fatally defective because it does not recite the substance of the testimony against the prosecutor, upon which his conviction and removal was rested, and so enable a court sitting in review to judge of its sufficiency. The Supreme Court considered that under the decision of this court in *Freeholders of Hudson* v. *State*, 24 *N. J. L.* 718, it was not necessary that the resolution should contain such recital. We do not consider the case relied upon to be authority for the proposition in support of which it is cited. What we there held was that it was not necessary for a resolution passed by a board of freeholders to contain a recital of the facts showing that the meeting at which a certain resolution was passed was a regularly adjourned one. The question which the present case presents is not whether a resolution of the municipal body setting out its final action with relation to a subject-matter under consideration must contain a recital of its formal procedure leading up to such final action, but whether a conviction by a statutory judicial tribunal proceeding in a summary way shall contain a recital of the substance of the evidence upon which that conviction rests. This was the question presented for consideration in the case of *Marter* v. *Repp*, 80 *N. J. L.* 530, the matter under review being the conviction of the prosecutor for a violation of the liquor laws of the state, and the revocation of his license upon

such conviction. It was thus dealt with by Mr. Justice Garrison delivering the opinion of the Supreme Court. After stating that the common law rule requires the substance of the evidence upon which a summary conviction is rested to be contained in the record of such conviction, he says: "The object of the rule was to provide a review precisely, because none existed in a class of cases where it was most needed, viz., in cases decided out of hand by petty statutory tribunals who ofttimes were totally unlearned in the law. Under the statute in this case the tribunal is the body that granted the license. That might be an excise board unlearned in the law, unfamiliar with the rules of evidence and unable to judge of the relevancy of testimony, or it might be a legislative body such as a common council, who, in addition to the foregoing lack of qualifications, had been chosen on political grounds alone or on strictly party lines. A summary conviction before one of these bodies by which a forfeiture far greater than the ordinary penalty is imposed, without any sort of supervision or review, would seem to present the precise hardship it was the object of the common law rule to ameliorate." The conviction in that case, not conforming to the common law rule, was thereupon declared invalid. This case went to the Court of Errors and Appeals and was there affirmed on the opinion below. 82 *N. J. L.* 531. The reasoning of Mr. Justice Garrison, which we have quoted, is directly applicable to the situation which the present case presents and the decision is, as we think, controlling. The resolution now under review which declares the conviction of the prosecutor of misconduct and incompetency in his office and removes him therefrom, fails to contain any of the evidence upon which that conviction was based, and is therefore, under the reasoning of the case cited, fatally defective, and should have been set aside by the Supreme Court.

It is suggested that the view above expressed is in conflict with the holding of the Supreme Court in the case of *Devault* v. *Camden,* 48 *N. J. L.* 433; that no formal procedure is necessory to be observed in the hearing of charges brought against municipal officers; a holding that has always been accepted

as sound since the rendition of the opinion more than a quarter of a century ago. We consider the dissonance rather apparent than real. That case held that in proceedings for the removal of municipal officers and employes the same formalities are not requisite as have been prescribed for inferior criminal prosecutions. To this we agree. But it was also there declared that, in such proceedings, justice required that the officer against whom charges were made should have a fair and public trial upon such charges, after due notice, and with every reasonable opportunity to make a defence; and further, that the province of the Supreme Court was to see that these rights had been secured to him. But, in order to enable the Supreme Court to see that such rights have been afforded to the officer charged with dereliction of duty, it is necessary that, in some way, that tribunal shall have before it so much of the fundamentals of the proceeding below as will enable it to determine whether or not these rights have been afforded to him, and especially whether the proofs submitted in support of the charges at all sustain them. What the case of Marter *v.* Repp holds is that the proper way of informing the Supreme Court, upon this latter matter, is by a recital, in the conviction, of the substance of the testimony upon which it is based.

We conclude that the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Kalisch, Bogert, Vredenburgh, White, JJ.  9.