HARRY HOAR, PROSECUTOR, v. ABRAM PREISKEL, COMMISSIONER OF PUBLIC SAFETY, CITY OF PASSAIC, RESPONDENT.

Decided May 12, 1925.

Officers—Policeman—Dismissal of Officer by Commissioner For Violation of Rules—Failure to Report For Duty—Alleged Illness—Examination by Physician Some Hours Afterward Revealed No Illness Sufficient at That Time to Justify Action—Failure to Use Telephone in Reporting Illness Criticised—Evidence Examined and Action of Commissioner Sustained.

On *certiorari*.

Before Justice MINTURN, by consent.

For the petitioner, *Alexander MacLeod.*

For the Commissioner of Public Safety, *Frederick S. Ranzenhofer,* city counsel.

This writ of *certiorari* brings up for review the action of the commissioner of public safety of the city of Passaic, in finding the prosecutor guilty of the charge of absenting himself from duty without leave, in violation of the rules of the police department, and in pronouncing upon him a sentence of dismissal from the police force as a penalty for his violation of the rules.

The prosecutor admitted the dereliction of duty in not reporting at four o'clock in the morning, but offered as an excuse the fact that he was physically unable to do so because of a severe headache and pains in his stomach. And in this contention he was corroborated by his wife.

The physician of the police department testified that he examined the prosecutor at half past eleven on the same morning and found that he was physically able to report for duty at that time, but could not tell whether or not he had been sick at four o'clock that morning as was alleged.

There is testimony in the case from which the police commissioner might reasonably infer that the prosecutor, at the time, was sufficiently incapacitated by reason of his illness to prevent him from reporting as required by the rules, and there is also sufficient basis in the case to enable the commissioner to infer reasonably that the officer did not take sufficient interest in the requirements of the rules and in his own duty in this respect, either through himself or his wife, to make a report direct to headquarters concerning his situation. And it cannot be overlooked in these circumstances that with our ready and convenient means of communication by telephone and otherwise, such a requirement was at least incumbent upon the officer if he had a proper regard for the necessities of the situation and a proper conception of his duty.

The contention in the case is that there is no reasonable basis for the action of the commissioner in dismissing the officer from the police force. This requires the court to examine and weigh the entire evidence, and, if necessary, reach a conclusion at variance with that reached by the commissioner.

An examination of the testimony leads the court to the belief that the commissioner had a substantial and reasonable basis for his action, and that under the rules of the department he was justified, if he believed the situation to be as he inferred from the testimony, in dismissing the officer from the force.

It has been determined by this court in a number of cases that where there is evidence upon which the trial tribunal might reasonably found its conclusion of guilt or innocence, the appellate court will not weigh the testimony or form an independent judgment for the purpose of reversing the finding of the trial tribunal.

The rule in a matter of this kind is not limited entirely to the specific proof taken in the case, but is sufficiently liberal to enable the trial tribunal, upon the proof taken, to reach a conclusion by reasonable inference.

The cases upon this subject are referred to and cited in the case of *Martin* v. *Smith,* 125 *Atl. Rep.* 142, where it is laid down that if the judgment of the trial court can be fairly supported by the record the duty of this court is at an end so far as further investigation is concerned.

I think there is enough in this case to sustain the finding of the commissioner.

The judgment appealed from will therefore be affirmed.