FRANK PARKS, PROSECUTOR, v. THE COMMON COUNCIL
OF THE CITY OF RAHWAY AND THE CITY OF RAH-
WAY, A MUNICIPAL CORPORATION, DEFENDANTS.

Submitted October 14, 1932—Decided April 13, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Clarence A. Ward.*

For the defendants, *Fred C. Hyer.*

The opinion of the court was delivered by

HEHER, J.   By *certiorari* the prosecutor, who was a patrol-
man in the police department of the city of Rahway, chal-
lenges the validity of a resolution adopted by the Common
Council of that city at a special meeting held on April 26th,
1932, whereby he was declared guilty of several charges of
misconduct, and dismissed from said position.   He was found

guilty of the following charges: (1) Intoxication on March 8th, 1932, during the period of an assignment to police duty; (2) leaving his post of duty without just cause; (3) conduct not becoming an officer or a gentleman, in that on the day aforesaid, while engaged in controversy with one David Ross and his wife, Clara, he used offensive, indecent and profane language, and committed assault and battery upon David; and (4) not properly patrolling his post of duty.

The grounds of attack urged by the prosecutor may be classified under four heads, viz.: *First,* there were no written charges filed; *second,* the prosecutor did not have a fair and impartial trial; *third,* there was no proof of any established rules governing the police department, and *fourth,* the determination was contrary to the weight of the evidence.

The prosecutor argues, in support of the first ground, that the council lacked jurisdiction to remove him from his position because of non-compliance with one of the essential requirements of section 5 of article 16 of chapter 152 of the Laws of 1917 (*Pamph. L.* 1917, *p.* 319 (at *p.* 360), as amended by chapter 240 of the Laws of 1928, *Pamph. L.* 1928, *p.* 418). The procedural requirement of this act, which prosecutor insists was ignored, is that, in cases of removal, the charges preferred against the officer or employe shall be in writing, signed by the person or persons making the same, and filed in the office of the municipal officer, officers or board in charge of the department in which complaint arises.

The charges were, in fact, reduced to writing. On April 22d, 1932, a notice in writing, signed by the city clerk was served upon the prosecutor. This notice contained a specification of the charges upon which he was subsequently tried, and he was therein advised that the council would hear the charges at a meeting to be held on April 26th, 1932, specially called for that purpose, and that he should appear at that time and present his defense. But the prosecutor insists that the charges thus preferred did not comply with the statute because (1) they were not signed by the person making the same; (2) they were not verified by the oath of such person, and (3) they were not filed in the proper municipal office.

The record shows that the charges were made by the chief of police. The notice served by the clerk advised the prosecutor that, by the direction of council, he was therewith transmitting the specific charges upon which his suspension from duty was based. On March 11th, 1932, the chief of police served upon the prosecutor, in writing, a specification of the charges, with the information that he would be officially informed in writing of the time and place designated for hearing of the charges. The prosecutor was tried upon these identical charges, and the additional one alleging intoxication. But counsel insists that the statute required a complaint signed and sworn to by David Ross or his wife, Clara. The statute makes no such requirement. It provides for a written, not a verified complaint, and we find no expressed legislative purpose that as a prerequisite to the removal of a recreant policeman, a complaint must be made in writing by a citizen who may witness or be the victim of his misconduct. This contention is, therefore, without merit.

The record does not show that the charges upon which the prosecutor was tried were not filed with the municipal clerk. Assuming, however, that in this respect, and in the failure of the person who made the charges to append his signature to the specifications upon which the prosecutor was tried, the requirements of the statute were not met, there is no merit in the contention that the council lacked jurisdiction to hear and determine the matter. The prosecutor voluntarily submitted to the jurisdiction of council. He did not question its jurisdiction. The notice containing the charges, served upon the prosecutor, and the affidavit of service, were admitted in evidence, without objection from the prosecutor. Through counsel he cross-examined the witnesses called to establish the charges, and he introduced testimony in his own behalf. He thereby lost the right to raise this question here.

Such proceedings are judicial in character. *Bowlby* v. *Dover*, 68 *N. J. L.* 97. Council had jurisdiction of the subject-matter. The prosecutor voluntarily took part in the trial of the matter on the merits, and undertook to establish his innocence of the charges. He thereby submitted himself

to the jurisdiction of council, and cannot now be heard to deny its existence. This would be the case even though he did so, protesting the jurisdiction of council. *State* v. *Rosenblum,* 102 *N. J. L.* 125.

The second ground advanced by the prosecutor, that he did not have a fair and impartial trial, is entirely devoid of merit. Counsel offers nothing in support of this point, except the bare statement in his brief that prior to the hearing statements and letters pertaining to this and other charges against the prosecutor were brought to the attention of members of council. The record furnishes no support for this allegation.

The third ground, that there was no proof of any established rules governing the police department, is likewise without merit. The departmental rules were admitted in evidence. Counsel's objection, as stated in the record, seemed to be that the resolution of adoption did not set forth the rules, but it was not denied that the rules offered were those referred to in the resolution, nor that they were the rules which had governed the police department during the time that the prosecutor was a member of it. Furthermore, the charges of which he was convicted were in the main the proper subjects of specification of misconduct although not a violation of the established rules and regulations.

Lastly, it is contended that the findings of the council were clearly contrary to the weight of the evidence. This is not the case. We have examined the proofs, and have reached the conclusion that the findings of the tribunal below should not be disturbed.

It therefore follows that the resolution brought up for review should be affirmed and the writ dismissed, and that will be the order.