TIMOTHY O'DRISCOLL, PROSECUTOR, v. FRED E. B. SCOTT, HERBERT SATTERFIELD, ANDREW L. STIEGLITZ, HYMAN ABRAMS, JOHN ALBERS, ARTHUR HARRIS, EDWARD SACHAR, JOSHUA MINER, B. CALDWELL DAVIES, C. BENSON WIGTON, SAMUEL DAVIDSON AND WILLIAM STRONG, JR., BEING THE MAYOR AND COMMON COUNCIL OF THE CITY OF PLAINFIELD, AND GEORGE B. WEAN, CITY CLERK, RESPONDENTS.

Submitted January term, 1934—Decided May 26, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the prosecutor, *Saul Nemser* (*Joseph Moritz*, of counsel).

For the respondents, *William Newcorn*.

PER CURIAM.

The prosecutor, by this writ, brings up for review certain proceedings that were had before the mayor and common

council of the city of Plainfield on December 29th, 1932, as well as resolutions of that governing body finding him guilty of certain charges and dismissing him from the police department of the city of Plainfield. Three charges were made against him which resulted in his dismissal. They were "intoxication on or off duty; indecent, profane or harsh language; conduct not becoming an officer and a gentleman." Admittedly he was served with a copy of what is called in the record "the complaint," which also contained an order suspending him without pay until the meeting of the common council.

The return to the writ contains a copy of the charges made by the chief of police and an extract from the minutes of the governing body reciting that "the board of police did hear said complaint and did adjudge that the said complaint be referred to the common council for hearing * * *." The minutes also ratified the action of the said board of police of the city of Plainfield in thus referring the matter to the governing body, and a resolution was then adopted that the members of the common council proceed with the hearing. Officer O'Driscoll pleaded "not guilty;" certain witnesses were heard for the prosecution, others for the defense, a summation followed, the governing body recessed after which resolutions were adopted finding him guilty and dismissing him from the police force.

The prosecutor relies upon but one point for a reversal of these proceedings and that is that the resolutions adjudging him guilty and dismissing him from the police force are legally ineffectual because they do not recite the substance of the testimony against the prosecutor upon which his conviction and removal were based. This proceeding was of course summary in character. The police officer, under charges for violation of the rules of the department, under the law, has no right to a trial by jury and no right of appeal. A review in this tribunal is his sole remedy. Now in order that the prosecutor may have that review, manifestly the substance of the evidence against him, in support of the charges, should be here before us so that it can be reviewed. Here we have no such record by which we may determine whether or

not he was lawfully convicted of these charges. That the record must contain a statement of the substance of the evidence given in a case of this character, where the proceeding is summary in nature, has long been the recognized rule. *Sawicki* v. *Keron et al.*, 79 *N. J. L.* 382; 75 *Atl. Rep.* 477.

This class of case where the accused is not entitled to a jury trial and there is no provision in the law for appeal, as here, makes manifest the soundness of the common law rule that in such cases the substance of the evidence upon which a summary conviction rests must be contained in the record of such conviction. *Marler* v. *Repp et al.*, 80 *N. J. L.* 530; 77 *Atl. Rep.* 1030; *affirmed,* 82 *N. J. L.* 531; 81 *Atl. Rep.* 1134.

The cases relied upon by the respondents, namely, *Reilly* v. *Jersey City,* 64 *N. J. L.* 508; 45 *Atl. Rep.* 778, and *Ayers* v. *Newark,* 49 *N. J. L.* 170; 6 *Atl. Rep.* 659, and the other cases mentioned in the brief, plainly have no applicability.

Respondents rest on the further point that the prosecutor was guilty of laches in that application for this writ was not made until eight months after the resolution of dismissal. Our examination of the depositions taken under the writ leads us to the conclusion that this charge of laches is not well founded.

The resolutions finding the prosecutor guilty of these charges and dismissing him from the police force of the city of Plainfield will therefore be set aside, with costs.