GEORGE FREUDENREICH, PROSECUTOR-RESPONDENT, v. MAYOR AND COUNCIL OF THE BOROUGH OF FAIR-VIEW, DEFENDANT-APPELLANT.

Argued October 19, 1934—Decided January 10, 1935.

For the respondent, *William George.*

For the appellant, *Dominick F. Pachella.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a determination of the Supreme Court, wherein, on *certiorari* to review a resolution adopted by the governing body of the borough of Fairview, a single justice of the Supreme Court, pursuant to the statute (*Certiorari,* 1 *Comp. Stat., p.* 403, § 5), reviewed the action of the governing body of the municipality and set aside its finding.

The respondent, a policeman of the borough, was charged with conduct unbecoming an officer in that he carried on an illicit relationship with one J. L., an unmarried woman, as a result of which an illegitimate child was born. Some months prior to being tried on these charges before the governing body he had been prosecuted and acquitted in the criminal court of Bergen county in a bastardy proceeding that arose out of the same alleged illicit relationship. On the charges prosecuted before the governing body of the borough, he was found guilty and dismissed from the police department.

The resolution of dismissal was set aside in the *certiorari* proceeding, as stated above, and the municipality appeals.

As a first point, the appellant municipality urges that the respondent should not be permitted to present in this court, as part of the record, the transcript of testimony taken at the trial of the police officer on these charges before the municipal body. The prosecutor of the writ, in the Supreme Court, did not cause the transcript of the testimony taken at the hearing to be made part of the return. As to this, it is sufficient to say that the Supreme Court justice who heard this matter permitted counsel for the prosecutor to supply this transcript at the argument of the cause without objection on the part of the present appellant. That being so,

it would be anomalous if this court were to consider this appeal on a record different from that which was before the Supreme Court. Had the testimony not been received in the Supreme Court, the resolution of dismissal would have been invalid in any event because the return to the writ, as filed originally, including the resolution of dismissal, contained no evidence upon which the dismissal could be based.

Where a proceeding, such as this, is summary in character, the record must contain a statement of the substance of the evidence in the matter in order that the reviewing court may ascertain whether the action of the board, in its disposition of the case, was supported by the evidence. *Sawicki* v. *Keron et al.*, 79 *N. J. L.* 382; *Marter* v. *Repp et al.*, 80 *Id.* 530; *affirmed*, 82 *Id.* 531; *O'Driscoll* v. *Scott et al.*, 12 *N. J. Mis. R.* 516. This also was the rule at common law.

The order of the Supreme Court reversing the findings of the governing body recites that the proceedings whereby the officer was dismissed "were irregular and illegal." From the record before us we are unable to determine whether the Supreme Court set aside the dismissal of the prosecutor because the evidence was not sufficient to support the dismissal or nullified the municipal action for a reason legal in character. Since there is nothing in the record to indicate that the reversal of the dismissal was based on a fact determination by the Supreme Court, we must perforce consider the legal reasons that were filed in support of the prosecutor's position. They resolve themselves into two questions. The first was to the effect that the charges for unbecoming conduct could not lawfully be prosecuted against the officer since he has been acquitted in the bastardy proceeding and therefore the matter was *res judicata*. Obviously it was not. "The doctrine of *res judicata* is plain and intelligible and amounts simply to this, that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by a new proceeding either before the same or any other tribunal." *Foster* v. *The Richard Busteed*, 100 *Mass.* 409.

Where the matter is *res judicata*, there must be a concur-

rence of four conditions, (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action, and (4) identity of the quality in the persons for or against whom the claim is made. *Mershon* v. *Williams*, 63 *N. J. L.* 398; *Hoffmeier & Sons* v. *Trost*, 83 *Id.* 358; *Smith* v. *Fischer Baking Co.*, 105 *Id.* 567; *Bouv. Dict.* (3d *Rev.*) 2910.

Here there was dissimilarity of issues, different parties, the objects to be obtained equally diverse, and proceedings entirely independent of each other. Clearly the doctrine of *res judicata* is not applicable.

Another reason for reversal urged in the court below was that the officer had been deprived of a fair trial before the mayor and council because one of the councilmen, who sat as a member of the municipal tribunal and voted for a verdict of guilty on these charges, had some months before been borough attorney and as such attorney had prosecuted the officer in question in the bastardy proceeding. At the time of the trial in the criminal court he had expressed an opinion in the matter and it is now argued that he was disqualified to sit in judgment on these charges on the ground of bias and because he had given utterance to his opinion before the court and jury, in the bastardy trial, that the officer was guilty. These incidents do not disqualify him either under our statute (Practice act, 3 *Comp. Stat.*, p. 4121, § 224) or under the decisions in this state. The fundamental reason that supports disqualification of a judge is personal interest in the case or the manifestation of malice or ill will towards the accused. The interest may be pecuniary in character or one that arises because of relationship, within the degree of kindred set out by the statute, to a party in the cause. Such interest was not present here nor was malice or ill will charged, much less proved, as having been exhibited towards the accused. The councilman in question was not disqualified. *State* v. *Spencer*, 21 *N. J. L.* 196; *State* v. *Fox*, 25 *Id.* 566; *State* v. *Bolitho*, 103 *Id.* 246 (at *p.* 251).

Now counsel for the municipality stoutly maintains that there was no challenge to the fact determination of the

municipal body contained in the reasons for reversal filed in the Supreme Court. Upon examination of this record we conclude that there was and that the resolution of dismissal was attacked as unjustified in fact as well as in law.

The resolution of the governing body was reviewed under section 11 of the statute (*Certiorari, Comp. Stat.,* p. 405), which, in part, provides: "In all cases of writ of *certiorari* now pending or hereafter brought * * * to review the suspension, dismissal, retirement, or reduction in rank of any person holding an office or position, state, county or municipal, from which he is removable only for cause and after trial, the court shall determine disputed questions of fact, as well as of law, * * *. The court may reverse or affirm, in whole or in part, such * * * order or prooceeding, finding or determination, suspension, dismissal, retirement or reduction in rank reviewed." *Pamph. L.* 1903, *p.* 345, as amended, *Pamph. L.* 1906, *p.* 658, and *Pamph. L.* 1907, *p.* 95.

Under this section the Supreme Court is empowered to determine fact as well as law questions. We are unable to find that it did determine the facts, and although this court has the power to do so, when the court below did not determine them (*Jordan* v. *Borough of Dumont,* 105 *N. J. L.* 197; *Harman* v. *Reed,* 108 *Id.* 191), nevertheless it is deemed advisable to remand the case to the Supreme Court for its finding on the facts, and that will be the order, costs to abide the outcome.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.