EDWARD F. A. ROBBINS, PROSECUTOR, v. TOWN COUNCIL OF THE TOWN OF BLOOMFIELD, RESPONDENT.

Argued January 16, 1935—Decided April 15, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *Simon L. Fisch.*

For the respondent, *Edward C. Pettit.*

The opinion of the court was delivered by

PERSKIE, J. Prosecutor seeks to set aside his dismissal as a police officer of the town of Bloomfield. He was adjudged guilty of having violated rules 3, 9, 10, 17 and 22 of section 5 of the police ordinance of said town. These rules are as follows: (3) willful disobedience of orders; (9) leaving post or assignment without just cause; (10) not properly patrolling post; (17) conduct unbecoming an officer and gentleman; (22) conduct subversive of good order and discipline. The facts upon which prosecutor was adjudged guilty are that on Saturday morning, August 18th, 1934, at two A. M. (he) did without just cause, leave the post to which he was assigned at Watsessing Center, Bloomfield, and went to Phil Place and became engaged in an argument with one William Rogers, a fellow police officer, and did strike and assault the said Rogers and his own wife.

Prosecutor's defense was based on a plea of confession and avoidance. He at all times admitted that he left his post for about one and one-half hours, and the post (Watsessing Center) it is stated, and not contradicted, is centrally located in the populous section of the town. Within the limits of the post is a railroad station, a bank and many stores, fac-

tories and homes. Prosecutor immediately thereafter reported his absence to the sergeant and later in the morning explained it to the chief of police; he also made a written explanation thereof. It appears that prosecutor was living separate and apart from his wife, though he was permitting her to live in his home and was giving her $100 a month out of his monthly salary of $160 towards her support and that of their two children, of the ages of ten and twelve years, respectively. He apparently was suspicious of her conduct. On the night in question he was informed that his wife was in the car with Rogers, his fellow officer. Whereupon, without permission or notice to his superiors, he set out to find them. He did so and engaged in the argument and altercations, which he admitted, and of which he was convicted.

Before proceeding with the discussion of the points raised by the prosecutor, we desire to point out that the record of this case does not contain a judgment, which should set out a statement of the evidence upon which it is based. *Sawicki* v. *Keron,* 79 *N. J. L.* 382; 75 *Atl. Rep.* 477; *Marter* v. *Repp,* 80 *N. J. L.* 530; 77 *Atl. Rep.* 1030; *affirmed,* 82 *N. J. L.* 531; 81 *Atl. Rep.* 1134; *Mullane* v. *South Amboy,* 86 *N. J. L.* 173; 90 *Atl. Rep.* 1030; *O'Driscoll* v. *Scott,* 12 *N. J. Mis. R.* 516; 172 *Atl. Rep.* 797; *affirmed,* 114 *N. J. L.* 265; 176 *Atl. Rep.* 170; *Freudenrich* v. *Mayor, &c., Fairview,* 114 *N. J. L.* 290; 176 *Atl. Rep.* 162. And there is doubt whether the transcript of the testimony is properly before us, as authorized by chapter 208. *Pamph. L.* 1913, *p.* 419. *Kerr* v. *Atlantic City,* 108 *N. J. L.* 219; 157 *Atl. Rep.* 559. But since these points have not been raised and since the case has been argued on the alleged merits we shall dispose of it on the basis as though it were properly before us. Section 11, *Certiorari* act. 1 *Comp. Stat.* (1709-1910), *p.* 405.

It is urged that under the provisions of the police ordinance of the respondent, the committee on police should have preferred the charges and not the chief of police. This is clearly without merit. Section 5, article 16 (Police— *Pamph. L.* 1928, *p.* 418), provides, and it is controlling, that

the charge or charges shall be "signed by the person or persons making such charge or charges." A complaint by a chief of police is sufficient. *Parks* v. *Common Council of Rahway,* 110 *N. J. L.* 366; 165 *Atl. Rep.* 635.

It is next contended that the proofs did not justify the conclusion reached that the prosecutor left his post without just cause. This was, of coures, a purely factual question. The obvious reason for the desertion of the post by the prosecutor was to find incriminating evidence against his wife. But be that as it may, and assuming that he left his post because of a desire to protect his wife, there was available to him police communication with his superiors to either obtain permission to leave or at least to advise them that he was leaving his post unprotected. This he did not do. He simply disregarded his duty in the premises and left the lives and property of those on his post without any police protection. "And it cannot be overlooked in these circumstances with our ready and convenient means of communication by telephone or otherwise, such a requirement [notification of inability to report] was at least incumbent upon the officer if he had a proper regard for the necessities of the situation and a proper conception of his duty." *Hoar* v. *Preiskel* 3 *N. J. Mis. R.* 494; 128 *Atl. Rep.* 857.

Does the evidence in the instant case afford a rational basis for the judgment reached herein against the prosecutor? *Herbert* v. *Atlantic City,* 87 *N. J. L.* 98; 93 *Atl. Rep.* 80; *Reilly* v. *Jersey City,* 64 *N. J. L.* 508; 45 *Atl. Rep.* 778; *Kerr* v. *Atlantic City, supra.* We think that it does. The fact that this was the prosecutor's first offense and that he bore a good reputation were matters properly addressed to the body charged with the *quasi*-judicial duty of rendering the judgment, particularly as it related to the degree of punishment, but it has no place here.

Writ is dismissed, with costs.