WILLIAM LEVINE, PROSECUTOR, v. STATE BOARD OF REGISTRATION AND EXAMINATION IN DENTISTRY, RESPONDENT.

Argued January 23, 24, 1936—Decided September 21, 1936.

Before Justices HEHER and PERSKIE.

For the prosecutor, *William H. Speer.*

For the defendant, *David T. Wilentz,* attorney-general.

PER CURIAM.

The writ of *certiorari* in this cause brings up for review a resolution of the state board of registration and examination in dentistry revoking prosecutor's license to practice dentistry in this state.

The complaint charged, but did not set forth the facts upon which the charge was based, that the prosecutor "did during the month of November, 1934, advertise the prices and charges to be made for dental work done by him, as well as advertise the character and durability of said work, in certain newspapers" contrary to subdivision (g) of section (7), chapter 87, *Pamph. L.* 1934, *p.* 258; *N. J. Stat. Annual* 1934, § 56-26.

The challenged resolution, in substance, recites the charge as aforesaid; that prosecutor was served with the complaint; that the cause was presented to the board on stipulation of facts, but does not set forth the facts so stipulated, and merely finds prosecutor "guilty as charged in the complaint," and revokes his license to practice dentistry in this state.

We are met, *in limine,* both on the oral and written argument, with objection to the record. It is argued for the prosecutor that the challenged resolution is fatally defective in that it does not contain a statement of the evidence upon which the revocation was based. That is so. *Sawicki* v. *Keron et al.,* 79 *N. J. L.* 382; 75 *Atl. Rep.* 477; *Marter* v. *Repp et al.,* 80 *N. J. L.* 530; 77 *Atl. Rep.* 1030; *affirmed,* 82 *N. J. L.* 531; 81 *Atl. Rep.* 1134; *O'Driscoll* v. *Scott et al.,* 12 *N. J. Mis. R.* 516; 172 *Atl. Rep.* 797; *Freudenreich* v. *Borough of Fairview (Court of Errors and Appeals,* 1934), 114 *N. J. L.* 290, 292; 176 *Atl. Rep.* 162.

Thus a decision of the question whether the board acted within the purview of the statute in confining the hearing to a consideration of the revocation only of prosecutor's license, and properly ignored the consideration of the suspension of his license; or, whether the provision of the act of 1934, *supra,* is unconstitutional will have to await the presentment of these questions in a proper record.

The challenged resolution is set aside, but without costs. *Board of Tenement House Supervision* v. *Schlechler,* 83 *N. J. L.* 88; 83 *Atl. Rep.* 783.