WILLIAM LEVINE, PROSECUTOR, v. STATE BOARD OF REGISTRATION AND EXAMINATION IN DENTISTRY, DEFENDANT.

Argued May 5, 1937—Decided July 7, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *William H. Speer.*

For the defendant, *David T. Wilentz* and *Robert Peacock.*

BODINE, J. Prosecutor seeks to have set aside the revocation of his license to practice dentistry. The reason for the revocation was a finding by the state board of registration and examination in dentistry that the prosecutor had violated subdivision (g) of section 7 of chapter 87, *Pamph. L.* 1934, *p.* 259, which provides as follows: "Has advertised in any manner his products or the price or charge to be made or the character or durability of his works or products *or anything identical to any of the foregoing,* whether by means of circular, card, sign, poster, advertising matches, mirrors, or other articles, or by advertisements in newspapers, magazines, or other publications or by projection by means of light or by crier or radio broadcasting or by use of advertising solicitors, or publicity agents; or has permitted the use of his name as a dentist by others in the sale or advertisement of products."

The validity of the revocation is challenged for several reasons. Suffice it to say that the notice of hearing specified none of the charges, the basis of the proposed revocation. *Pamph. L.* 1934, *p.* 259, so required. Besides, there is nothing in the record before us justifying the drastic action taken by the state board. It may be that the evidence does show that prosecutor advertised in contravention of the statute. If so, it was but for the purpose of testing the validity of the act. To deprive a dentist, otherwise appearing to be of good standing, of his livelihood was certainly unreasonable.

We do not pass upon the constitutionality of the statute, but it might be wise for those practicing dentistry and inserting advertisements in defiance of our statute, to note the words of Chief Justice Hughes in the case of *Semler* v. *Oregon State Board of Dental Examiners,* 294 *U. S.* 608, as follows: "That the state may regulate the practice of dentistry, prescribing the qualifications that are reasonably necessary,

and to that end may require licenses and establish supervision by an administrative board, is not open to dispute. * * * The state court defined the policy of the statute. The court said that while, in itself, there was nothing harmful in merely advertising prices for dental work, or in displaying glaring signs illustrating teeth and bridge work, it could not be doubted that practitioners who were not willing to abide by the ethics of their profession often resorted to such advertising methods 'to lure the credulous and ignorant members of the public to their offices for the purpose of fleecing them.' The legislature was aiming at 'bait advertising.' 'Inducing patronage,' said the court, 'by representations of painless dentistry,' 'professional superiority,' 'free examinations,' and 'guaranteed dental work' was, as a general rule, 'the practice of the charlatan and the quack to entice the public.' We do not doubt the authority of the state to estimate the baleful effects of such methods and to put a stop to them. The legislature was not dealing with traders in commodities, but with the vital interest of public health, and with a profession treating bodily ills and demanding different standards of conduct from those which are traditional in the competition of the market place. The community is concerned with the maintenance of professional standards which will insure not only competency in individual practitioners, but protection against those who would prey upon a public peculiarly susceptible to imposition through alluring promises of physical relief. And the community is concerned in providing safeguards not only against deception, but against practices which would tend to demoralize the profession by forcing its members into an unseemly rivalry which would enlarge the opportunities of the least scrupulous. What is generally called the 'ethics' of the profession is but the consensus of expert opinion as to the necessity of such standards."

The revocation of the license is set aside merely because the notice upon which the proceeding was commenced was insufficient.