MAX M. SCHWARTZ, PROSECUTOR, v. THE STATE BOARD OF REGISTRATION AND EXAMINATION IN DENTISTRY OF NEW JERSEY, RESPONDENT.

Submitted May 7, 1940—Decided September 30, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the prosecutor, *Meehan Brothers (Thomas F. Meehan,* of counsel).

For the respondent, *David T. Wilentz,* attorney-general (*John F. Bruther,* assistant attorney-general, of counsel).

The opinion of the court was delivered by

PERSKIE, J. The writ of *certiorari* in this case brings up before us a resolution of the State Board of Registration and Examination in Dentistry revoking prosecutor's license to practice dentistry in the State of New Jersey.

Respondent, hereafter referred to as the Board, on January 4, 1939, formally charged prosecutor with having advertised, on January 19, 1938, in the *Jersey Journal,* "the prices and charges to be made for dental work * * * as well as the character and durability of said work," in violation of the statute in such case made and provided. *R. S.* 45 :6-7. Notice of a hearing was given specifying the charges made. *Cf. Levine* v. *State Board, &c., Dentistry,* 118 *N. J. L.*

384; 192 *Atl. Rep.* 840. Prosecutor entered a plea of guilty and was adjudged guilty. The resolution revoking prosecutor's license to practice dentistry in this state and presently before us for review, contains an adequate statement of facts upon which the revocation was based. *Cf. Levine* v. *State Board, &c., Dentistry,* 14 *N. J. Mis. R.* 738; 186 *Atl. Rep.* 814. The resolution was formally adopted on March 24th, 1939. Prosecutor then applied for and obtained a writ of *certiorari* to review it. The *allocatur expressly* stayed the revocation pending "final decision [by] this court * * * on the writ." *R. S.* 45:6-9.

This court has already sustained the constitutionality of the statute for the violation of which prosecutor's license was revoked. *Cf. Levine* v. *State Board, &c., Dentistry,* 121 *N. J. L.* 193; 1 *Atl. Rep.* (2d) 876. Accordingly no argument is made on that score.

The single point raised and argued is that the penalty is harsh and unreasonable.

We are asked to reverse the action of the Board and pronounce such judgment on the evidence as shall be warranted. That request is based upon *R. S.* 45:6-9, the pertinent provision of which reads as follows:

"The [Supreme] court may reverse or affirm in whole or in part the findings or determination of the board, *or pronounce such judgment on the evidence as shall be warranted."* (Italics ours.)

What does this language mean? Does it mean that in this class of cases, as for example in workmen's compensation cases (*Rubeo* v. *Arthur McMullen Co.,* 117 *N. J. L.* 574, 577; 189 *Atl. Rep.* 662), or as in tax cases (*Gannon* v. *Jersey City,* 123 *N. J. L.* 450; 9 *Atl. Rep.* (2d) 531), the function of this court is independently to review the *evidence* and the law and pronounce judgment accordingly? Our answer is in the affirmative. Anything which adversely affects the privilege one enjoys in the practice of his profession is fraught with serious resultant consequences, professionally, economically and otherwise. The legislature in its wisdom has, therefore, afforded those who practice dentistry the added right of having this court make an independent investigation of the

evidence on which action of the Board is taken and then pronounce such judgment as shall be warranted. It is interesting to observe, in support of our construction of the act, that the provision of the act under review clearly differs, for example, from the act relating to hearings before the Civil Service Commission. *R. S.* 11:22-39. The pertinent provision of that act provides: "If the Commission shall, in such hearing, disapprove of the order of removal, discharge, fine, or reduction, such order so disapproved shall be of no effect." In construing this language our Court of Errors and Appeals, in *Maguire* v. *Van Meter,* 121 *N. J. L.* 150; 1 *Atl. Rep.* (*2d*) 445, held that the power of the commission was limited to the right to affirm or reverse the finding of a departmental head in a case involving disciplinary action but it may not modify it.

Moreover, we mark the fact that, save as to the unwarranted claim that the act here under review was not properly invoked, it is conceded for the Board "that this [court] in accordance with [the act] has exclusive jurisdiction and may pronounce such judgment on the evidence as shall be warranted." And it is further conceded for the Board, save for the claim that prosecutor was guilty of a willful violation, that "permanently to revoke a man's license who in good faith was attempting to test the constitutionality of this section would be unreasonable or arbitrary." We conclude that we have the power to do what prosecutor asks us to do. What judgment then is warranted on the evidence?

It is argued for the Board that prosecutor's violation was willful even though it consisted of a single violation on January 19th, 1938, and even though it was committed before the decision of this court on October 18th, 1938, sustaining the validity of the act. *Levine* v. *State Board, &c., Dentistry,* 121 *N. J. L.* 193; 1 *Atl. Rep.* (*2d*) 876. That argument is grounded upon the premise that the violation was committed by prosecutor in face of the decision rendered on April 1st, 1935, in the case of *Semler* v. *Oregon State Board of Dental Examiners,* 294 *U. S.* 608; 79 *L. Ed.* 1086 (sustaining the constitutionality of a substantially similar act prohibiting advertising by dentists), and in face of the decision rendered

on July 7th, 1937, by this court in *Levine* v. *State Board, &c., Dentistry,* 118 *N. J. L.* 384; 192 *Atl. Rep.* 840, in which the attention of dentists was directed to the holding in the Semler case.

The apparent force of the argument thus made is quickly spent upon an analysis of the evidence. In face of the very decisions urged in support of prosecutor's willfulness, the Board did not, as we have seen, prosecute prosecutor for his violation on January 19th, 1938, until January 4th, 1939, which was, of course, after the decision rendered by this court sustaining the validity of the act. The delay is explained as a matter of policy of refraining from the prosecution of prosecutor and other like offenders pending contest on the validity of the act. Was that policy perhaps founded upon doubt as to the result of that contest? Was prosecutor's single violation also perhaps founded upon the same doubt? It is indeed a poor rule that does not work or apply both ways. Additionally, the record discloses that no dentist prosecuted under the act has received a greater penalty for a like offense than a suspension of thirty days. No dentist, other than prosecutor, has had his license to practice dentistry revoked. The circumstances in the instant case are said to differ from those in the Levine cases. The suggested difference is that Dr. Levine pioneered the contest testing the validity of the act. We perceive no distinction in principle. Each was guilty. Each merited punishment. The penalty should operate both as a fair and just punishment of the wrongdoer and as a deterrent to others like minded but it should not be unduly harsh or unreasonable.

It is undisputed that prosecutor has practiced his profession in Jersey City for sixteen years. He enjoys a good reputation. He was at one time a clinical professor of prosthetic dentistry at New York University. The practice of prosecutor's profession, we are told, is the only means of livelihood for himself and his family. These circumstances do not, of course, condone his violation of the statute. But they do merit consideration on the penalty imposed, which penalty, we think, is entirely too harsh and severe. Particularly is this so when, as here, there was but a single violation which

was committed prior to the final adjudication by this court as to the constitutionality of the statute involved. Nor, as it is suggested, is the severity of the penalty presently lessened by the fact that under the statute (*R. S.* 45:6-7), the Board in its discretion may re-license prosecutor to practice without an examination upon his application to it. While it is unfortunately necessary, at times, permanently to deprive one of his right to practice in his chosen profession and thus deprive him of his livelihood, such drastic action is not lightly to be taken. It may well abide a conviction of a violation occurring subsequent to the date on which the validity of the act was sustained by this court.

In light of all that has been written we are of the opinion that a penalty of six months' suspension (*R. S.* 45:6-7) from the date of the filing of this decision is warranted on the evidence. We so hold. The cause will be remanded to the Board with directions that prosecutor's license to practice dentistry be suspended for a period of six months from the date of the filing of this decision. No costs are allowed.